File Date:  2-13-2008

Case No:  08cv944

ATTACHMENT #  1

EXHIBIT  _____

**TAB (DESCRIPTION)**
Page 77-end

173.  As a direct and proximate result of the "La Belle" bomb explosion, Plaintiff Marshaun A. R. Winston was caused to sustain severe and permanent injuries to mind and body, including post-traumatic stress.  Because of his injuries, plaintiff Marshaun A. R. Winston has been caused to undergo, and will undergo in the future, extensive medical treatment and has been caused to incur and will incur in the future medical and related expenses.  He has suffered a loss of earnings and an impairment of his earning capacity.  Plaintiff Marshaun A. R. Winston has been and will continue to be prevented from engaging in his normal activities.  He has been caused to undergo, and will undergo in the future, extensive physical and mental pain and suffering.

## COUNT I

## WRONGFUL DEATH

### (D.C. Code §16-2701, et seq.)

174.  Paragraphs 1 through 173 are incorporated herein as if fully set forth.

175.  As a direct and proximate result of the willful, wrongful, intentional and reckless acts of defendants constituting the "La Belle" terrorist bomb attack, Kenneth Terence Ford and James E. Goins were killed.

176.  As a direct and proximate result of defendants' acts, as set forth above, Robert Lee Beecham, Alice Faye Ford, Revell Scott, and the Estate of Robin L. Beecham, who are the beneficiaries of Kenneth Terence Ford under the Wrongful Death Act of the District of Columbia, and Patrocinia Goins and Carlos Goins, who are the beneficiaries of James E. Goins under the Wrongful Death

Act of the District of Columbia, have suffered the loss of future financial support by their respective decedents, as well as services, gifts and other contributions they might reasonably have expected to receive during their respective decedents' lifetimes, and the estates of the decedents have thereby been diminished. Carlos Goins has also suffered the loss of care, education, training, guidance and parental advice that James E. Goins would have been expected to give to him. The beneficiaries are also entitled to expenses for the care, treatment and hospitalization of their respective decedents incident to the injury resulting in their deaths, and reasonable funeral expenses.

177. As a direct and proximate result of defendants' acts, as set forth above, the aforesaid beneficiaries are entitled to the full range of damages as set forth in the Wrongful Death Act of the District of Columbia, D.C. Code §16-2701, et seq.

## COUNT II

## SURVIVAL

### (D.C. Code § 12-101)

178. Paragraphs 1 through 177 are incorporated herein as if fully set forth.

179. As a direct and proximate result of defendants' acts, Kenneth Terence Ford and James E. Goins suffered severe and permanent injuries to mind and body and experienced severe physical and mental pain and suffering before their injuries resulted in their deaths; and their estates have sustained losses of reasonably expected income of the decedents and other economic

losses and losses of accretions, as well as losses of services, protection, care and assistance provided by the respective decedents. Their estates are also entitled to compensation for the expenses incurred for the care, treatment and hospitalization their respective decedents received incident to the injuries they sustained resulting in their deaths.

180.  Had Kenneth Terence Ford and James E. Goins survived, each would have had a cause of action against defendants for the injuries he suffered during his lifetime. Their respective estates are entitled to recover the full range of damages for their survival action claims, as provided for in the Survival Act of the District of Columbia, D.C. Code §12-101.

## COUNT III

## WRONGFUL DEATH

### (State common and statutory law)

181.  Paragraphs 1 through 180 are incorporated herein as if fully set forth.

182.  As a direct and proximate result of the willful, wrongful, intentional and reckless acts of defendants constituting the "La Belle" terrorist bomb attack, Kenneth Terence Ford and James E. Goins were killed.

183.  As a direct and proximate result of defendants' acts, as set forth above, Robert Lee Beecham, Alice Faye Ford, Revell Scott, and the Estate of Robin L. Beecham, the survivors and next of kin of Kenneth Terence Ford, and Patrocinia Goins and Carlos Goins, the survivors and next of kin of James E. Goins, have suffered compensable damages and losses for which the

representatives of their estates make claim, including: sorrow, mental anguish, bereavement, grief and solace including loss of society, companionship, comfort, guidance, kindly offices and advice of the decedent; compensation for reasonably expected loss of income of the decedent, financial support, economic losses, loss of accretions to decedent's estate, and services, protection, care and assistance provided by the decedent; expenses for the care, treatment and hospitalization of the decedent incident to the injury resulting in his death; and reasonable funeral expenses.

184.    As a direct and proximate result of defendants' acts, Kenneth Terence Ford and James E. Goins suffered severe and permanent injuries to mind and body and experienced severe physical and mental pain and suffering before their injuries resulted in their deaths; and their estates have sustained loss of reasonably expected income of the decedent and other economic losses and losses of accretions, as well as loss of services, protection, care and assistance provided by the respective decedents.    Their estates are also entitled to compensation for the expenses incurred for the care, treatment and hospitalization their respective decedents received incident to the injuries they sustained resulting in their deaths.

185.    Had Kenneth Terence Ford and James E. Goins survived, each would have had a cause of action against defendants for the injuries he suffered during his lifetime.  Their respective estates are entitled to recover the full range of money damages, including economic damages and damages for pain and suffering.

186.   Each plaintiff listed in this count asserts that he or she is entitled to judgment on this count pursuant to the applicable common and statutory laws of the District of Columbia, Michigan, North Carolina, and/or the state where each plaintiff and/or decedent was domiciled at the time of the incident at issue in this case.

## COUNT IV

### WRONGFUL DEATH, LOSS OF CONSORTIUM, SOLATIUM

(State common and statutory law)

187.   Paragraphs 1 through 186 are incorporated herein as if fully set forth.

188.   Plaintiffs Robert Lee Beecham, Alice Fay Ford, Revell Scott, and the Estate of Robin L. Beecham, the surviving next of kin of decedent Kenneth Terence Ford, and plaintiffs Patrocina Goins and Carlos Goins, the surviving next of kin of decedent James E. Goins, have suffered sorrow, mental anguish, bereavement, grief, and solace including loss of society, companionship, comfort, guidance, kindly offices and advice of their decedents.   Plaintiffs Robert Lee Beecham, Alice Faye Ford, Revell Scott, the Estate of Robin L. Beecham, Patrocinia Goins and Carlos Goins are entitled to the full range of loss of consortium and solatium damages resulting from the wrongful deaths of their respective decedents.

189.   As a direct and proximate result of defendants' acts, Kenneth Terence Ford and James E. Goins suffered severe and permanent injuries to mind and body and experienced severe physical and mental pain and suffering

81

before their injuries resulted in their deaths; and their estates have sustained loss of reasonably expected income of the decedent and other economic losses and losses of accretions, as well as loss of services, protection, care and assistance provided by the respective decedents.  Their estates are also entitled to compensation for the expenses incurred for the care, treatment and hospitalization their respective decedents received incident to the injuries they sustained resulting in their deaths.

190.   Had Kenneth Terence Ford and James E. Goins survived, each would have had a cause of action against defendants for the injuries he suffered during his lifetime.  Their respective estates are entitled to recover the full range of money damages, including economic damages and damages for pain and suffering.

191.   Each plaintiff listed in this count asserts that he or she is entitled to judgment on this count pursuant to the applicable common and statutory laws of the District of Columbia, Michigan, North Carolina, and/or the state where each plaintiff and/or decedent was domiciled at the time of the incident at issue in this case.

## COUNT V

### WRONGFUL DEATH, LOSS OF CONSORTIUM, SOLATIUM AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(State common and statutory law)

192.   Paragraphs 1 through 191 are incorporated herein as if fully set forth.

193.   Defendants' actions of exploding a bomb in the "La Belle" discotheque were extreme and outrageous conduct which intentionally and recklessly caused each of the persons listed in the next paragraph to suffer severe emotional distress.

194.   Plaintiffs Robert Lee Beecham, Alice Fay Ford, Revell Scott, and the Estate of Robin L. Beecham, the surviving next of kin of decedent Kenneth Terence Ford, and plaintiffs Patrocinia Goins and Carlos Goins, the surviving next of kin of decedent James E. Goins, have suffered severe emotional distress, sorrow, mental anguish, bereavement, grief, and solace including loss of society, companionship, comfort, guidance, kindly offices and advice of their respective decedents.   Plaintiffs Robert Lee Beecham, Alice Faye Ford, Revell Scott, the Estate of Robin L. Beecham, Patrocinia Goins, and Carlos Goins are entitled to the full range of loss of consortium, solatium and emotional distress damages resulting from the wrongful deaths of their respective decedents.

195.   As a direct and proximate result of defendants' acts, Kenneth Terence Ford and James E. Goins suffered severe and permanent injuries to mind and body and experienced severe physical and mental pain and suffering before their injuries resulted in their deaths; and their estates have sustained loss of reasonably expected income of the decedent and other economic losses and losses of accretions, as well as loss of services, protection, care and assistance provided by the respective decedents.   Their estates are also entitled to compensation for the expenses incurred for the care, treatment and

hospitalization their respective decedents received incident to the injuries they sustained resulting in their deaths.

196.    Had Kenneth Terence Ford and James E. Goins survived, each would have had a cause of action against defendants for the injuries he suffered during his lifetime.  Their respective estates are entitled to recover the full range of money damages, including economic damages and damages for pain and suffering.

197.    Each plaintiff listed in this count asserts that he or she is entitled to judgment on this count pursuant to the applicable common and statutory laws of the District of Columbia, Michigan, North Carolina, and/or the state where each plaintiff and/or decedent was domiciled at the time of the incident at issue in this case.

## COUNT VI

## SURVIVAL

(State common and statutory law)

198.    Paragraphs 1 through 197 are incorporated herein as if fully set forth.

199.    As a direct and proximate result of defendants' acts, Kenneth Terence Ford and James E. Goins suffered severe and permanent injuries to mind and body and experienced severe physical and mental pain and suffering before their injuries resulted in their deaths; and their estates have sustained loss of reasonably expected income of the decedent and other economic losses and losses of accretions, as well as loss of services, protection, care and assistance

provided by the respective decedents. Their estates are also entitled to compensation for the expenses incurred for the care, treatment and hospitalization their respective decedents received incident to the injuries they sustained resulting in their deaths.

200. Had Kenneth Terence Ford and James E. Goins survived, each would have had a cause of action against defendants for the injuries he suffered during his lifetime. Their respective estates are entitled to recover the full range of money damages, including economic damages and damages for pain and suffering, for their survival action claims.

201. Each plaintiff listed in this count asserts that he or she is entitled to judgment on this count pursuant to the applicable common and statutory laws of the District of Columbia, Michigan, North Carolina, and/or the state where each plaintiff and/or decedent was domiciled at the time of the incident at issue in this case.

## COUNT VII

## WRONGFUL DEATH

(State common and statutory law)

202. Paragraphs 1 through 201 are incorporated herein as if fully set forth.

203. As a direct and proximate result of the willful, wrongful, intentional and reckless acts of defendants constituting the "La Belle" terrorist bomb attack, Kenneth Terence Ford and James E. Goins were killed.

204.   As a direct and proximate result of defendants' acts, as set forth above, Robert Lee Beecham, Alice Faye Ford, Revell Scott, and the Estate of Robin L. Beecham, the survivors and next of kin of Kenneth Terence Ford, and Patrocinia Goins and Carlos Goins, the survivors and next of kin of James E. Goins, have suffered compensable damages and losses for which the representatives of their estates make claim, including: sorrow, mental anguish, bereavement, grief and solace including loss of society, companionship, comfort, guidance, kindly offices and advice of the decedent; compensation for reasonably expected loss of income of the decedent, financial support, economic losses, loss of accretions to decedent's estate, and services, protection, care and assistance provided by the decedent; expenses for the care, treatment and hospitalization of the decedent incident to the injury resulting in his death; and reasonable funeral expenses.

205.   As a direct and proximate result of defendants' acts, Kenneth Terence Ford and James E. Goins suffered severe and permanent injuries to mind and body and experienced severe physical and mental pain and suffering before their injuries resulted in their deaths; and their estates have sustained loss of reasonably expected income of the decedent and other economic losses and losses of accretions, as well as loss of services, protection, care and assistance provided by the respective decedents.   Their estates are also entitled to compensation for the expenses incurred for the care, treatment and hospitalization their respective decedents received incident to the injuries they sustained resulting in their deaths.

86

206.   Had Kenneth Terence Ford and James E. Goins survived, each would have had a cause of action against defendants for the injuries he suffered during his lifetime.  Their respective estates are entitled to recover the full range of money damages, including economic damages and damages for pain and suffering.

207.   Under state common and statutory law, each plaintiff listed in this count asserts this cause of action.

## COUNT VIII

## WRONGFUL DEATH, LOSS OF CONSORTIUM, SOLATIUM

(State common and statutory law)

208.   Paragraphs 1 through 207 are incorporated herein as if fully set forth.

209.   Plaintiffs Robert Lee Beecham, Alice Fay Ford, Revell Scott, and the Estate of Robin L. Beecham, the surviving next of kin of decedent Kenneth Terence Ford, and plaintiffs Patrocina Goins and Carlos Goins, the surviving next of kin of decedent James E. Goins, have suffered sorrow, mental anguish, bereavement, grief, and solace including loss of society, companionship, comfort, guidance, kindly offices and advice of their decedents. Plaintiffs Robert Lee Beecham, Alice Faye Ford, Revell Scott, the Estate of Robin L. Beecham, Patrocinia Goins and Carlos Goins are entitled to the full range of loss of consortium and solatium damages resulting from the wrongful deaths of their respective decedents.

87

210.   As a direct and proximate result of defendants' acts, Kenneth Terence Ford and James E. Goins suffered severe and permanent injuries to mind and body and experienced severe physical and mental pain and suffering before their injuries resulted in their deaths; and their estates have sustained loss of reasonably expected income of the decedent and other economic losses and losses of accretions, as well as loss of services, protection, care and assistance provided by the respective decedents.   Their estates are also entitled to compensation for the expenses incurred for the care, treatment and hospitalization their respective decedents received incident to the injuries they sustained resulting in their deaths.

211.   Had Kenneth Terence Ford and James E. Goins survived, each would have had a cause of action against defendants for the injuries he suffered during his lifetime.  Their respective estates are entitled to recover the full range of money damages, including economic damages and damages for pain and suffering.

212.   Under state common and statutory law, each plaintiff listed in this count asserts this cause of action.

## COUNT IX

### WRONGFUL DEATH, LOSS OF CONSORTIUM, SOLATIUM AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

**(State common and statutory law)**

213.   Paragraphs 1 through 213 are incorporated herein as if fully set forth.

214. Defendants' actions of exploding a bomb in the "La Belle" discotheque were extreme and outrageous conduct which intentionally and recklessly caused each of the persons listed in the next paragraph to suffer severe emotional distress.

215. Plaintiffs Robert Lee Beecham, Alice Fay Ford, Revell Scott, and the Estate of Robin L. Beecham, the surviving next of kin of decedent Kenneth Terence Ford, and plaintiffs Patrocinia Goins and Carlos Goins, the surviving next of kin of decedent James E. Goins, have suffered severe emotional distress, sorrow, mental anguish, bereavement, grief, and solace including loss of society, companionship, comfort, guidance, kindly offices and advice of their respective decedents. Plaintiffs Robert Lee Beecham, Alice Faye Ford, Revell Scott, the Estate of Robin L. Beecham, Patrocinia Goins, and Carlos Goins are entitled to the full range of loss of consortium, solatium and emotional distress damages resulting from the wrongful deaths of their respective decedents.

216. As a direct and proximate result of defendants' acts, Kenneth Terence Ford and James E. Goins suffered severe and permanent injuries to mind and body and experienced severe physical and mental pain and suffering before their injuries resulted in their deaths; and their estates have sustained loss of reasonably expected income of the decedent and other economic losses and losses of accretions, as well as loss of services, protection, care and assistance provided by the respective decedents. Their estates are also entitled to compensation for the expenses incurred for the care, treatment and

hospitalization their respective decedents received incident to the injuries they sustained resulting in their deaths.

217.   Had Kenneth Terence Ford and James E. Goins survived, each would have had a cause of action against defendants for the injuries he suffered during his lifetime.  Their respective estates are entitled to recover the full range of money damages, including economic damages and damages for pain and suffering.

218.   Under state common and statutory law, each plaintiff listed in this count asserts this cause of action.

## COUNT X

### SURVIVAL

#### (State common and statutory law)

219.   Paragraphs 1 through 218 are incorporated herein as if fully set forth.

220.   As a direct and proximate result of defendants' acts, Kenneth Terence Ford and James E. Goins suffered severe and permanent injuries to mind and body and experienced severe physical and mental pain and suffering before their injuries resulted in their deaths; and their estates have sustained loss of reasonably expected income of the decedent and other economic losses and losses of accretions, as well as loss of services, protection, care and assistance provided by the respective decedents.   Their estates are also entitled to compensation for the expenses incurred for the care, treatment and

hospitalization their respective decedents received incident to the injuries they sustained resulting in their deaths.

221.   Had Kenneth Terence Ford and James E. Goins survived, each would have had a cause of action against defendants for the injuries he suffered during his lifetime.  Their respective estates are entitled to recover the full range of money damages, including economic damages and damages for pain and suffering, for their survival action claims.

222.   Under state common and statutory law, each plaintiff listed in this count asserts this cause of action.

## COUNT XI

## ASSAULT

### (State common and statutory law)

223.   Paragraphs 1 through 222 are incorporated herein as if fully set forth.

224.   Defendants' actions of exploding a bomb in the "La Belle" discotheque constituted an assault upon each of the persons listed in the next paragraph.  Defendants, by their actions, intended to, and did, cause a harmful or offensive contact with each of the persons listed and an imminent apprehension of such contact by each of the persons listed and each of the persons listed were thereby put in such reasonable imminent apprehension.

225.   As a direct and proximate result of these acts, Kenneth Terence Ford, James E. Goins and Nermin Haney were killed, and Troy Deon Euring, Gerald Ford, Richard George, Alfred Jackson, David Jackson, Larry Jefferson,

Dalton E. Porteous, Anthony Sailor, Robert Lee Sims, Henry Carl Smith, Melvin

Spencer, Romana Wells, Tyrell White, Anthony Bernard Ballard, Donna Marie

DaGraca, Christopher A. Gordon-Somers, Wade McArthur Harris, Jr., Ralph

Hunter, Alex L. Jackson, Earl Thomas Marshall, Sr., Frank Wesley McGee, Jr.,

Clarence Rambo, Forrest Ward, Thomas Leon Woodland, Jeffrey Wynes, Carlos

Marquez, Andre W. Woodson, Ruthlyn Resha Baxter, Brandon Borders, Rickey

Eugene Borders, Lee Robert Brown, III, Shawn Butler, Darryl Allen Byers, Jordan

Edwards, James Earl Frazier, Michaela Haugabook, Timothy Glen Henderson,

Charlie Chris Hill, Roosevelt Johnson, Robert Eugene Jones, Ronald Jones,

Gary Lungrin, Charles J. Maxwell, James Winfield May, Paul Andrew McCathron,

Andre McGhee, Delionel B. Meadows, Manuel Anthony Medina, Bryan Mills,

Lynn Arnett Morgan, Wayne P. Neeley, Miguel H. Spruill, Ronald Tate, Alvin

Levert Wallace, Robert Weldon, Lloyd Elliot Wells, Earnest Eugene Wilson, and

Marshaun A. R. Winston suffered severe personal injuries as set forth above.

226. Each of the plaintiffs set forth in the preceding paragraph suffered

personal injury and these plaintiffs are entitled to receive the full range of money

damages, including economic damages and damages for pain and suffering,

established by law.

227. Each plaintiff asserts that he or she is entitled to judgment on this

count pursuant to the applicable common and statutory laws of the District of

Columbia or the state where each plaintiff was domiciled at the time of the

incident at issue in this case.

## COUNT XII

## BATTERY

### (State common and statutory law)

228.  Paragraphs 1 through 227 are incorporated herein as if fully set forth.

229.  Defendants' actions of exploding a bomb in the "La Belle" discotheque constituted a battery upon each of the persons listed in the next paragraph. Defendants, by their actions, intended to, and did, cause an unlawful, harmful and offensive contact with each of the persons listed.

230.  As a direct and proximate result of these acts, Kenneth Terence Ford, James E. Goins and Nermin Haney were killed, and Troy Deon Euring, Gerald Ford, Richard George, Alfred Jackson, David Jackson, Larry Jefferson, Dalton E. Porteous, Anthony Sailor, Robert Lee Sims, Henry Carl Smith, Melvin Spencer, Romana Wells, Tyrell White, Anthony Bernard Ballard, Donna Marie DaGraca, Christopher A. Gordon-Somers, Wade McArthur Harris, Jr., Ralph Hunter, Alex L. Jackson, Earl Thomas Marshall, Sr., Frank Wesley McGee, Jr., Clarence Rambo, Forrest Ward, Thomas Leon Woodland, Jeffrey Wynes, Carlos Marquez, Andre W. Woodson, Ruthlyn Resha Baxter, Brandon Borders, Rickey Eugene Borders, Lee Robert Brown, III, Shawn Butler, Darryl Allen Byers, Jordan Edwards, James Earl Frazier,  Michaela Haugabook, Timothy Glen Henderson, Charlie Chris Hill, Roosevelt Johnson, Robert Eugene Jones, Ronald Jones, Gary Lungrin, Charles J. Maxwell, James Winfield May, Paul Andrew McCathron, Andre McGhee, Dellonel B. Meadows, Manuel Anthony Medina, Bryan Mills,

Lynn Arnett Morgan, Wayne P. Neeley, Miguel H. Spruill, Ronald Tate, Alvin Levert Wallace, Robert Weldon, Lloyd Elliot Wells, Earnest Eugene Wilson, and Marshaun A. R. Winston suffered severe personal injuries as set forth above.

231.   Each of the plaintiffs set forth in the preceding paragraph suffered personal injury and these plaintiffs are entitled to receive the full range of money damages, including economic damages and damages for pain and suffering, established by law.

232.   Each plaintiff asserts that he or she is entitled to judgment on this count pursuant to the applicable common and statutory laws of the District of Columbia or the state where each plaintiff was domiciled at the time of the incident at issue in this case.

## COUNT XIII

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (State common and statutory law)

233.   Paragraphs 1 through 232 are incorporated herein as if fully set forth.

234.   Defendants' actions of exploding a bomb in the "La Belle" discotheque were extreme and outrageous conduct which intentionally and recklessly caused each of the persons listed in the next paragraph to suffer severe emotional distress.

235.   As a direct and proximate result of defendants' acts, Kenneth Terence Ford, James E. Goins, Troy Deon Euring, Gerald Ford, Richard George, Alfred Jackson, David Jackson, Larry Jefferson, Dalton E. Porteous, Anthony

Sailor, Robert Lee Sims, Henry Carl Smith, Melvin Spencer, Romana Wells, Tyrell White, Anthony Bernard Ballard, Donna Marie DaGraca, Christopher A. Gordon-Somers, Wade McArthur Harris, Jr., Ralph Hunter, Alex L. Jackson, Earl Thomas Marshall, Sr., Frank Wesley McGee, Jr., Clarence Rambo, Forrest Ward, Thomas Leon Woodland, Jeffrey Wynes, Carlos Marquez, Andre W. Woodson, Ruthlyn Resha Baxter, Brandon Borders, Rickey Eugene Borders, Lee Robert Brown, III, Shawn Butler, Darryl Allen Byers, Jordan Edwards, James Earl Frazier, Michaela Haugabook, Timothy Glen Henderson, Charlie Chris Hill, Roosevelt Johnson, Robert Eugene Jones, Ronald Jones, Gary Lungrin, Charles J. Maxwell, James Winfield May, Paul Andrew McCathron, Andre McGhee, Delionel B. Meadows, Manuel Anthony Medina, Bryan Mills, Lynn Arnett Morgan, Wayne P. Neeley, Miguel H. Spruill, Ronald Tate, Alvin Levert Wallace, Robert Weldon, Lloyd Elliot Wells, Earnest Eugene Wilson, and Marshaun A. R. Winston suffered severe emotional distress as set forth above.

236.    Each of the plaintiffs set forth in the preceding paragraph suffered severe emotional distress and these plaintiffs are entitled to receive the full range of money damages, including economic damages and damages for pain and suffering, established by law.

237.    Each plaintiff asserts that he or she is entitled to judgment on this count pursuant to the applicable common and statutory laws of the District of Columbia or the state where each plaintiff was domiciled at the time of the incident at issue in this case.

## COUNT XIV

## CLAIM FOR PERSONAL INJURY

### (State common and statutory law)

238.   Paragraphs 1 through 237 are incorporated herein as if fully set forth.

239.   As a direct and proximate result of defendants' actions, as set forth above, Kenneth Terence Ford, James E. Goins, Troy Deon Euring, Gerald Ford, Richard George, Alfred Jackson, David Jackson, Larry Jefferson, Dalton E. Porteous, Anthony Sailor, Robert Lee Sims, Henry Carl Smith, Melvin Spencer, Romana Wells, Tyrell White, Anthony Bernard Ballard, Donna Marie DaGraca, Christopher A. Gordon-Somers, Wade McArthur Harris, Jr., Ralph Hunter, Alex L. Jackson, Earl Thomas Marshall, Sr., Frank Wesley McGee, Jr., Clarence Rambo, Forrest Ward, Thomas Leon Woodland, Jeffrey Wynes, Carlos Marquez, Andre W. Woodson, Ruthlyn Resha Baxter, Brandon Borders, Rickey Eugene Borders, Lee Robert Brown, III, Shawn Butler, Darryl Allen Byers, Jordan Edwards, James Earl Frazier, Michaela Haugabook, Timothy Glen Henderson, Charlie Chris Hill, Roosevelt Johnson, Robert Eugene Jones, Ronald Jones, Gary Lungrin, Charles J. Maxwell, James Winfield May, Paul Andrew McCathron, Andre McGhee, Dellonel B. Meadows, Manuel Anthony Medina, Bryan Mills, Lynn Amett Morgan, Wayne P. Neeley, Miguel H. Spruill, Ronald Tate, Alvin Levert Wallace, Robert Weldon, Lloyd Elliot Wells, Earnest Eugene Wilson, and Marshaun A. R. Winston suffered severe personal injuries as set forth above.

240.  Each of the plaintiffs set forth in the preceding paragraph suffered personal injuries and these plaintiffs are entitled to receive the full range of money damages, including economic damages and damages for pain and suffering, established by law.

241.  Each plaintiff asserts that he or she is entitled to judgment on this count pursuant to the applicable common and statutory laws of the District of Columbia or the state where each plaintiff was domiciled at the time of the incident at issue in this case.

## COUNT XV

## ASSAULT

### (State common and statutory law)

242.  Paragraphs 1 through 241 are incorporated herein as if fully set forth.

243.  Defendants' actions of exploding a bomb in the "La Belle" discotheque constituted an assault upon each of the persons listed in the next paragraph. Defendants, by their actions, intended to, and did, cause a harmful or offensive contact with each of the persons listed and an imminent apprehension of such contact by each of the persons listed and each of the persons listed were thereby put in such reasonable imminent apprehension.

244.  As a direct and proximate result of these acts, Kenneth Terence Ford, James E. Goins and Nermin Haney were killed, and Troy Deon Euring, Gerald Ford, Richard George, Alfred Jackson, David Jackson, Larry Jefferson, Dalton E. Porteous, Anthony Sailor, Robert Lee Sims, Henry Carl Smith, Melvin

Spencer, Romana Wells, Tyrell White, Anthony Bernard Ballard, Donna Marie DaGraca, Christopher A. Gordon-Somers, Wade McArthur Harris, Jr., Ralph Hunter, Alex L. Jackson, Earl Thomas Marshall, Sr., Frank Wesley McGee, Jr., Clarence Rambo, Forrest Ward, Thomas Leon Woodland, Jeffrey Wynes, Carlos Marquez, Andre W. Woodson, Ruthlyn Resha Baxter, Brandon Borders, Rickey Eugene Borders, Lee Robert Brown, III, Shawn Butler, Darryl Allen Byers, Jordan Edwards, James Earl Frazier,  Michaela Haugabook, Timothy Glen Henderson, Charlie Chris Hill, Roosevelt Johnson, Robert Eugene Jones, Ronald Jones, Gary Lungrin, Charles J. Maxwell, James Winfield May, Paul Andrew McCathron, Andre McGhee, Delionel B. Meadows, Manuel Anthony Medina, Bryan Mills, Lynn Arnett Morgan, Wayne P. Neeley, Miguel H. Spruill, Ronald Tate, Alvin Levert Wallace, Robert Weldon, Lloyd Elliot Wells, Earnest Eugene Wilson, and Marshaun A. R. Winston suffered severe personal injuries as set forth above.

245.    Each of the plaintiffs set forth in the preceding paragraph suffered personal injury and these plaintiffs are entitled to receive the full range of money damages, including economic damages and damages for pain and suffering, established by law.

246.    Under state common and statutory law, each plaintiff asserts this cause of action.

## COUNT XVI

## BATTERY

### (State common and statutory law)

98

247.  Paragraphs 1 through 246 are incorporated herein as if fully set forth.

248.  Defendants' actions of exploding a bomb in the "La Belle" discotheque constituted a battery upon each of the persons listed in the next paragraph. Defendants, by their actions, intended to, and did, cause an unlawful, harmful and offensive contact with each of the persons listed.

249.  As a direct and proximate result of these acts, Kenneth Terence Ford, James E. Goins and Nermin Haney were killed, and Troy Deon Euring, Gerald Ford, Richard George, Alfred Jackson, David Jackson, Larry Jefferson, Dalton E. Porteous, Anthony Sailor, Robert Lee Sims, Henry Carl Smith, Melvin Spencer, Romana Wells, Tyrell White, Anthony Bernard Ballard, Donna Marie DaGraca, Christopher A. Gordon-Somers, Wade McArthur Harris, Jr., Ralph Hunter, Alex L. Jackson, Earl Thomas Marshall, Sr., Frank Wesley McGee, Jr., Clarence Rambo, Forrest Ward, Thomas Leon Woodland, Jeffrey Wynes, Carlos Marquez, Andre W. Woodson, Ruthlyn Resha Baxter, Brandon Borders, Rickey Eugene Borders, Lee Robert Brown, III, Shawn Butler, Darryl Allen Byers, Jordan Edwards, James Earl Frazier,  Michaela Haugabook, Timothy Glen Henderson, Charlie Chris Hill, Roosevelt Johnson, Robert Eugene Jones, Ronald Jones, Gary Lungrin, Charles J. Maxwell, James Winfield May, Paul Andrew McCathron, Andre McGhee, Delionel B. Meadows, Manuel Anthony Medina, Bryan Mills, Lynn Arnett Morgan, Wayne P. Neeley, Miguel H. Sprulll, Ronald Tate, Alvin Levert Wallace, Robert Weldon, Lloyd Elliot Wells, Earnest Eugene Wilson, and Marshaun A. R. Winston suffered severe personal injuries as set forth above.

250.   Each of the plaintiffs set forth in the preceding paragraph suffered personal injury and these plaintiffs are entitled to receive the full range of money damages, including economic damages and damages for pain and suffering, established by law.

251.   Under state common and statutory law, each plaintiff asserts this cause of action.

## COUNT XVII

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (State common and statutory law)

252.   Paragraphs 1 through 251 are incorporated herein as if fully set forth.

253.   Defendants' actions of exploding a bomb in the "La Belle" discotheque were extreme and outrageous conduct which intentionally and recklessly caused each of the persons listed in the next paragraph to suffer severe emotional distress.

254.   As a direct and proximate result of defendants' acts, Kenneth Terence Ford, James E. Goins, Troy Deon Euring, Gerald Ford, Richard George, Alfred Jackson, David Jackson, Larry Jefferson, Dalton E. Porteous, Anthony Sailor, Robert Lee Sims, Henry Carl Smith, Melvin Spencer, Romana Wells, Tyrell White, Anthony Bernard Ballard, Donna Marie DaGraca, Christopher A. Gordon-Somers, Wade McArthur Harris, Jr., Ralph Hunter, Alex L. Jackson, Earl Thomas Marshall, Sr., Frank Wesley McGee, Jr., Clarence Rambo, Forrest Ward, Thomas Leon Woodland, Jeffrey Wynes, Carlos Marquez, Andre W.

Woodson, Ruthlyn Resha Baxter, Brandon Borders, Rickey Eugene Borders, Lee

Robert Brown, III, Shawn Butler, Darryl Allen Byers, Jordan Edwards, James Earl

Frazier,    Michaela Haugabook, Timothy Glen Henderson, Charlie Chris Hill,

Roosevelt Johnson, Robert Eugene Jones, Ronald Jones, Gary Lungrin, Charles

J. Maxwell, James Winfield May, Paul Andrew McCathron, Andre McGhee,

Delionel B. Meadows, Manuel Anthony Medina, Bryan Mills, Lynn Arnett Morgan,

Wayne P. Neeley, Miguel H. Spruill, Ronald Tate, Alvin Levert Wallace, Robert

Weldon, Lloyd Elliot Wells, Earnest Eugene Wilson, and Marshaun A. R. Winston

suffered severe emotional distress as set forth above.

255.    Each of the plaintiffs set forth in the preceding paragraph suffered

severe emotional distress and these plaintiffs are entitled to receive the full range

of money damages, including economic damages and damages for pain and

suffering, established by law.

256.    Under state common and statutory law, each plaintiff asserts this

cause of action.

### COUNT XVIII

### CLAIM FOR PERSONAL INJURY

(State common and statutory law)

257.    Paragraphs 1 through 256 are incorporated herein as if fully set

forth.

258.    As a direct and proximate result of defendants' actions, as set forth

above, Kenneth Terence Ford, James E. Goins, Troy Deon Euring, Gerald Ford,

Richard George, Alfred Jackson, David Jackson, Larry Jefferson, Dalton E.

Porteous, Anthony Sailor, Robert Lee Sims, Henry Carl Smith, Melvin Spencer,
Romana Wells, Tyrell White, Anthony Bernard Ballard, Donna Marie DaGraca,
Christopher A. Gordon-Somers, Wade McArthur Harris, Jr., Ralph Hunter, Alex
L. Jackson, Earl Thomas Marshall, Sr., Frank Wesley McGee, Jr., Clarence
Rambo, Forrest Ward, Thomas Leon Woodland, Jeffrey Wynes, Carlos Marquez,
Andre W. Woodson, Ruthlyn Resha Baxter, Brandon Borders, Rickey Eugene
Borders, Lee Robert Brown, III, Shawn Butler, Darryl Allen Byers, Jordan
Edwards, James Earl Frazier, Michaela Haugabook, Timothy Glen Henderson,
Charlie Chris Hill, Roosevelt Johnson, Robert Eugene Jones, Ronald Jones,
Gary Lungrin, Charles J. Maxwell, James Winfield May, Paul Andrew McCathron,
Andre McGhee, Delionel B. Meadows, Manuel Anthony Medina, Bryan Mills,
Lynn Arnett Morgan, Wayne P. Neeley, Miguel H. Spruill, Ronald Tate, Alvin
Levert Wallace, Robert Weldon, Lloyd Elliot Wells, Earnest Eugene Wilson, and
Marshaun A. R. Winston suffered severe personal injuries as set forth above.

259.    Each of the plaintiffs set forth in the preceding paragraph suffered
personal injuries and these plaintiffs are entitled to receive the full range of
money damages, including economic damages and damages for pain and
suffering, established by law.

260.    Under state common and statutory law, each plaintiff asserts this
cause of action.

## COUNT XIX

### ACTION FOR WRONGFUL DEATH

### Claim Of Robert Lee Beecham

### Personal Representative of the Estate of Kenneth Ford v. Libya

(16 District of Columbia Code, Section 16-2701, et seq.)

261.    Plaintiff, Robert Lee Beecham, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

262.    As a direct and proximate result of the intentional acts carried out with and by the material support of the Defendants, Libya and JSO, Decedent, Kenneth Ford, was caused to suffer severe, multiple physical injuries from which he expired, and the beneficiaries under the Wrongful Death Act of the District of Columbia, Robert Lee Beecham and others, have suffered the loss of future financial support by the Decedent, as well as gifts and other contributions which they might reasonably have expected to receive during his lifetime, and the estate of the Decedent has thereby been diminished.

WHEREFORE, Plaintiff, Robert Lee Beecham, Personal Representative of the Estate of Kenneth Ford, demands judgment against the Defendants, Socialist People's Libyan Arab Jamahiriya (Libya) and Jamahiriya Security Organization, jointly and severally, on behalf of the beneficiaries under the District of Columbia Wrongful Death Act, 16 District of Columbia Code, Section 16-2701 in the amount of FIVE MILLION DOLLARS ($5,000,000.00), plus costs.

103

## COUNT XX

### SURVIVAL

### Claim Of Robert Lee Beecham

### Personal Representative of the Estate of Kenneth Ford v. Libya

(12 District of Columbia Code, Section 12-101, et seq.)

263.    Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

264.    The Decedent, Kenneth Ford, suffered multiple injuries in the occurrence described above, resulting in pain, suffering and pecuniary loss which includes medical, hospital and physicians charges and funeral expenses and the amounts which Decedent would have earned over his lifetime thus diminishing his estate. The Estate of Kenneth Ford has thereby suffered damages in the amount of $ 5,000,000.00, besides costs.

WHEREFORE, Plaintiff, Robert Lee Beecham, Personal Representative of the Estate of Kenneth Ford, demands judgment against the Defendants, Socialist People's Libyan Arab Jamahiriya (Libya) and Jamahiriya Security Organization (JSO), jointly and severally, on behalf of the beneficiaries under the District of Columbia Wrongful Death Act, in the amount of FIVE MILLION DOLLARS ($5,000,000.00), plus costs.

## COUNT XXI

### Claim Of Robert Lee Beecham

### Personal Representative of the Estate of Kenneth Ford v. Libya

### Solatium and Intentional Infliction of Mental Distress

(Under state common and statutory law)

265.    Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

266.    The acts of the agents of Libya and JSO, as set forth above, constituted extreme and outrageous conduct with the intent to inflict emotional distress upon members of the family of Kenneth Ford and by virtue of his death said persons have suffered severe emotional distress and are thereby entitled to solatium. The acts of the agents of Libya were funded and directed by Libya, which is thereby vicariously liable.

WHEREFORE, Plaintiff, Robert Lee Beecham, Personal Representative of the Estate of Kenneth Ford, demands judgment against the Defendants, Socialist People's Libyan Arab Jamahiriya (Libya) and Jamahiriya Security Organization (JSO), jointly and severally, on behalf of the beneficiaries under the District of Columbia Wrongful Death Act, each beneficiary in the amount of FIVE MILLION DOLLARS ($5,000,000.00), plus costs.

## COUNT XXII

### Claim of J.C. Andrews for Personal Injury

### Assault and Intentional Infliction of Mental Distress

(Under state common and statutory law)

267.    Plaintiff, J.C. Andrews repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

268.  As a direct and proximate consequence of the actions of the Defendants, as aforesaid, Plaintiff, J.C. Andrews, suffered multiple injuries resulting in pain, suffering and pecuniary loss which includes medical, hospital and physicians charges, was required to undergo extensive medical treatment, suffered a loss of earnings and a loss of future earnings, suffered permanent injury including partial loss of hearing, suffered severe mental and emotional distress and he has thereby suffered damages in the amount of $ 5,000,000.00, besides costs.

WHEREFORE, Plaintiff, J.C. Andrews demands judgment against the Defendants, Socialist People's Libyan Arab Jamahiriya (Libya) and the Jamahiriya Security Organization (JSO), jointly and severally, in the amount of FIVE MILLION DOLLARS ($5,000,000.00), plus costs.

## COUNT XXIII

### Claim of Ann Marie Arnicar for Personal Injury

### Assault and Intentional Infliction of Mental Distress

(Under state common and statutory law)

269.  Plaintiff, Ann Marie Arnicar, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

270.  As a direct and proximate consequence of the actions of the Defendants, as aforesaid, Plaintiff, Ann Marie Arnicar, suffered multiple injuries resulting in pain, suffering and pecuniary loss which includes medical, hospital and physicians charges, was required to undergo extensive medical treatment,

suffered a loss of earnings and a loss of future earnings, suffered permanent injury including partial loss of hearing, suffered severe mental and emotional distress and she has thereby suffered damages in the amount of $5,000,000.00, besides costs.

WHEREFORE, Plaintiff, Ann Marie Amicar, demands judgment against the Defendants, Socialist People's Libyan Arab Jamahiriya (Libya) and the Jamahiriya Security Organization (JSO), jointly and severally, in the amount of FIVE MILLION DOLLARS ($5,000,000.00), plus costs.

## COUNT XXIV

### Claim of Tracy Billingslea for Personal Injury

### Assault and Intentional Infliction of Mental Distress

(Under state common and statutory law)

271.  Plaintiff, Tracy Billingslea, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

272.  As a direct and proximate consequence of the actions of the Defendants, as aforesaid, Plaintiff, Tracy Billingslea, suffered multiple injuries resulting in pain, suffering and pecuniary loss which includes medical, hospital and physicians charges, was required to undergo extensive medical treatment, suffered a loss of earnings and a loss of future earnings, suffered permanent injury including partial loss of hearing, suffered severe mental and emotional distress and he has thereby suffered damages in the amount of $5,000,000.00, besides costs.

WHEREFORE, Plaintiff, Tracy Billingslea, demands judgment against the Defendants, Socialist People's Libyan Arab Jamahiriya (Libya) and the Jamahiriya Security Organization (JSO), jointly and severally, in the amount of FIVE MILLION DOLLARS ($5,000,000.00), plus costs.

## COUNT XXV

**Claim of Reginald Borders for Personal Injury**

**Assault and Intentional Infliction of Mental Distress**

(Under state common and statutory law)

273.    Plaintiff, Reginald Borders, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

274.    As a direct and proximate consequence of the actions of the Defendants, as aforesaid, Plaintiff, Reginald Borders, suffered multiple injuries resulting in pain, suffering and pecuniary loss which includes medical, hospital and physicians charges, was required to undergo extensive medical treatment, suffered a loss of earnings and a loss of future earnings, suffered permanent injury including partial loss of hearing, suffered severe mental and emotional distress and he has thereby suffered damages in the amount of $ 5,000,000.00, besides costs.

WHEREFORE, Plaintiff, Reginald Borders, demands judgment against the Defendants, Socialist People's Libyan Arab Jamahiriya (Libya) and the Jamahiriya Security Organization (JSO), jointly and severally, in the amount of FIVE MILLION DOLLARS ($5,000,000.00), plus costs.

## COUNT XXVI

### Claim of Gerald Clark for Personal Injury

### Assault and Intentional Infliction of Mental Distress

(Under state common and statutory law)

275.  Plaintiff, Gerald Clark, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

276.  As a direct and proximate consequence of the actions of the Defendants, as aforesaid, Plaintiff, Gerald Clark, suffered multiple injuries resulting in pain, suffering and pecuniary loss which includes medical, hospital and physicians charges, was required to undergo extensive medical treatment, suffered a loss of earnings and a loss of future earnings, suffered permanent injury including partial loss of hearing, suffered severe mental and emotional distress and he has thereby suffered damages in the amount of $5,000,000.00, besides costs.

WHEREFORE, Plaintiff, Gerald Clark, demands judgment against the Defendants, Socialist People's Libyan Arab Jamahirlya (Libya) and the Jamahirlya Security Organization (JSO), jointly and severally, in the amount of FIVE MILLION DOLLARS ($5,000,000.00), plus costs.

## COUNT XXVII

### Claim of Allen Cones for Personal Injury

### Assault and Intentional Infliction of Mental Distress

(Under state common and statutory law)

277.  Plaintiff, Allen Cones, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

278.  As a direct and proximate consequence of the actions of the Defendants, as aforesaid, Plaintiff, Allen Cones, suffered multiple injuries resulting in pain, suffering and pecuniary loss which includes medical, hospital and physicians charges, was required to undergo extensive medical treatment, suffered a loss of earnings and a loss of future earnings, suffered permanent injury including partial loss of hearing, suffered severe mental and emotional distress and he has thereby suffered damages in the amount of $5,000,000.00, besides costs.

WHEREFORE, Plaintiff, Allen Cones, demands judgment against the Defendants, Socialist People's Libyan Arab Jamahiriya (Libya) and the Jamahiriya Security Organization (JSO), jointly and severally, in the amount of FIVE MILLION DOLLARS ($5,000,000.00), plus costs.

### COUNT XXVIII

**Claim of LeRoy Craig for Personal Injury**

**Assault and Intentional Infliction of Mental Distress**

(Under state common and statutory law)

279.  Plaintiff, LeRoy Craig, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

280.  As a direct and proximate consequence of the actions of the Defendants, as aforesaid, Plaintiff, LeRoy Craig, suffered multiple injuries resulting in pain, suffering and pecuniary loss which includes medical, hospital

and physicians charges, was required to undergo extensive medical treatment, suffered a loss of earnings and a loss of future earnings, suffered permanent injury including partial loss of hearing, suffered severe mental and emotional distress and he has thereby suffered damages in the amount of $ 5,000,000.00, besides costs.

WHEREFORE, Plaintiff, LeRoy Craig, demands judgment against the Defendants, Socialist People's Libyan Arab Jamahiriya (Libya) and the Jamahiriya Security Organization (JSO), jointly and severally, in the amount of FIVE MILLION DOLLARS ($5,000,000.00), plus costs.

### COUNT XXIX

**Claim of Gary Damon for Personal Injury**

**Assault and Intentional Infliction of Mental Distress**

(Under state common and statutory law)

281. Plaintiff, Gary Damon, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

282. As a direct and proximate consequence of the actions of the Defendants, as aforesaid, Plaintiff, Gary Damon, suffered multiple injuries resulting in pain, suffering and pecuniary loss which includes medical, hospital and physicians charges, was required to undergo extensive medical treatment, suffered a loss of earnings and a loss of future earnings, suffered permanent injury including partial loss of hearing, suffered severe mental and emotional distress and he has thereby suffered damages in the amount of $5,000,000.00, besides costs.

WHEREFORE, Plaintiff, Gary Damon, demands judgment against the Defendants, Socialist People's Libyan Arab Jamahiriya (Libya) and the Jamahiriya Security Organization (JSO), jointly and severally, in the amount of FIVE MILLION DOLLARS ($5,000,000.00), plus costs.

## COUNT XXX

### Claim of Stacy Demps for Personal Injury

### Assault and Intentional Infliction of Mental Distress

(Under state common and statutory law)

283.    Plaintiff, Stacy Demps, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

284.    As a direct and proximate consequence of the actions of the Defendants, as aforesaid, Plaintiff, Stacy Demps, suffered multiple injuries resulting in pain, suffering and pecuniary loss which includes medical, hospital and physicians charges, was required to undergo extensive medical treatment, suffered a loss of earnings and a loss of future earnings, suffered permanent injury including partial loss of hearing, suffered severe mental and emotional distress and she has thereby suffered damages in the amount of $5,000,000.00, besides costs.

WHEREFORE, Plaintiff, Stacy Demps, demands judgment against the Defendants, Socialist People's Libyan Arab Jamahiriya (Libya) and the Jamahiriya Security Organization (JSO), jointly and severally, in the amount of FIVE MILLION DOLLARS ($5,000,000.00), plus costs.

112

## COUNT XXXI

**Claim of Terry Finch for Personal Injury**

**Assault and Intentional Infliction of Mental Distress**

(Under state common and statutory law)

285. Plaintiff, Terry Finch, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

286. As a direct and proximate consequence of the actions of the Defendants, as aforesaid, Plaintiff, Terry Finch, suffered multiple injuries resulting in pain, suffering and pecuniary loss which includes medical, hospital and physicians charges, was required to undergo extensive medical treatment, suffered a loss of earnings and a loss of future earnings, suffered permanent injury including partial loss of hearing, suffered severe mental and emotional distress and he has thereby suffered damages in the amount of $5,000,000.00, besides costs.

WHEREFORE, Plaintiff, Terry Finch, demands judgment against the Defendants, Socialist People's Libyan Arab Jamahiriya (Libya) and the Jamahiriya Security Organization (JSO), jointly and severally, in the amount of FIVE MILLION DOLLARS ($5,000,000.00), plus costs.

## COUNT XXXII

**Claim of William Gilmore for Personal Injury**

**Assault and Intentional Infliction of Mental Distress**

(Under state common and statutory law)

287. Plaintiff, William Gilmore, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

288. As a direct and proximate consequence of the actions of the Defendants, as aforesaid, Plaintiff, William Gilmore, suffered multiple injuries resulting in pain, suffering and pecuniary loss which includes medical, hospital and physicians charges, was required to undergo extensive medical treatment, suffered a loss of earnings and a loss of future earnings, suffered permanent injury including partial loss of hearing, suffered severe mental and emotional distress and he has thereby suffered damages in the amount of $5,000,000.00, besides costs.

WHEREFORE, Plaintiff, William Gilmore, demands judgment against the Defendants, Socialist People's Libyan Arab Jamahiriya (Libya) and the Jamahiriya Security Organization (JSO), jointly and severally, in the amount of FIVE MILLION DOLLARS ($5,000,000.00), plus costs.

## COUNT XXXIII

**Claim of Jeremy Hall for Personal Injury**

**Assault and Intentional Infliction of Mental Distress**

(Under state common and statutory law)

289. Plaintiff, Jeremy Hall, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

290. As a direct and proximate consequence of the actions of the Defendants, as aforesaid, Plaintiff, Jeremy Hall, suffered multiple injuries resulting in pain, suffering and pecuniary loss which includes medical, hospital

and physicians charges, was required to undergo extensive medical treatment, suffered a loss of earnings and a loss of future earnings, suffered permanent injury including partial loss of hearing, suffered severe mental and emotional distress and he has thereby suffered damages in the amount of $5,000,000.00, besides costs.

WHEREFORE, Plaintiff, Jeremy Hall, demands judgment against the Defendants, Socialist People's Libyan Arab Jamahiriya (Libya) and the Jamahiriya Security Organization (JSO), jointly and severally, in the amount of FIVE MILLION DOLLARS ($5,000,000.00), plus costs.

## COUNT XXXIV

### Claim of Donald Ham for Personal Injury

### Assault and Intentional Infliction of Mental Distress

(Under state common and statutory law)

291.   Plaintiff, Donald Ham, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

292.   As a direct and proximate consequence of the actions of the Defendants, as aforesaid, Plaintiff, Donald Ham, suffered multiple injuries resulting in pain, suffering and pecuniary loss which includes medical, hospital and physicians charges, was required to undergo extensive medical treatment, suffered a loss of earnings and a loss of future earnings, suffered permanent injury including partial loss of hearing, suffered severe mental and emotional distress and he has thereby suffered damages in the amount of $5,000,000.00, besides costs.

115

WHEREFORE, Plaintiff, Donald Ham, demands judgment against the Defendants, Socialist People's Libyan Arab Jamahiriya (Libya) and the Jamahiriya Security Organization (JSO), jointly and severally, in the amount of FIVE MILLION DOLLARS ($5,000,000.00), plus costs.

## COUNT XXXV

### Claim of Ralph Hunter for Personal Injury

### Assault and Intentional Infliction of Mental Distress

(Under state common and statutory law)

293.    Plaintiff, Ralph Hunter, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

294.    As a direct and proximate consequence of the actions of the Defendants, as aforesaid, Plaintiff, Ralph Hunter, suffered multiple injuries resulting in pain, suffering and pecuniary loss which includes medical, hospital and physicians charges, was required to undergo extensive medical treatment, suffered a loss of earnings and a loss of future earnings, suffered permanent injury including partial loss of hearing, suffered severe mental and emotional distress and he has thereby suffered damages in the amount of $5,000,000.00, besides costs.

WHEREFORE, Plaintiff, Ralph Hunter, demands judgment against the Defendants, Socialist People's Libyan Arab Jamahiriya (Libya) and the Jamahiriya Security Organization (JSO), jointly and severally, in the amount of FIVE MILLION DOLLARS ($5,000,000.00), plus costs.

## COUNT XXXVI

### Claim of Alex L. Jackson for Personal Injury

### Assault and Intentional Infliction of Mental Distress

(Under state common and statutory law)

295.  Plaintiff, Alex L. Jackson, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

296.  As a direct and proximate consequence of the actions of the Defendants, as aforesaid, Plaintiff, Alex L. Jackson, suffered multiple injuries resulting in pain, suffering and pecuniary loss which includes medical, hospital and physicians charges, was required to undergo extensive medical treatment, suffered a loss of earnings and a loss of future earnings, suffered permanent injury including partial loss of hearing, suffered severe mental and emotional distress and he has thereby suffered damages in the amount of $5,000,000.00, besides costs.

WHEREFORE, Plaintiff, Alex L. Jackson, demands judgment against the Defendants, Socialist People's Libyan Arab Jamahiriya (Libya) and the Jamahiriya Security Organization (JSO), jointly and severally, in the amount of FIVE MILLION DOLLARS ($5,000,000.00), plus costs.

## COUNT XXXVII

### Claim of David T. Jackson for Personal Injury

### Assault and Intentional Infliction of Mental Distress

(Under state common and statutory law)

117

297. Plaintiff, David T. Jackson, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

298. As a direct and proximate consequence of the actions of the Defendants, as aforesaid, Plaintiff, David T. Jackson, suffered multiple injuries resulting in pain, suffering and pecuniary loss which includes medical, hospital and physicians charges, was required to undergo extensive medical treatment, suffered a loss of earnings and a loss of future earnings, suffered permanent injury including partial loss of hearing, suffered severe mental and emotional distress and he has thereby suffered damages in the amount of $5,000,000.00, besides costs.

WHEREFORE, Plaintiff, David T. Jackson, demands judgment against the Defendants, Socialist People's Libyan Arab Jamahiriya (Libya) and the Jamahiriya Security Organization (JSO), jointly and severally, in the amount of FIVE MILLION DOLLARS ($5,000,000.00), plus costs.

### COUNT XXXVIII

**Claim of John Jackson for Personal Injury**

**Assault and Intentional Infliction of Mental Distress**

(Under state common and statutory law)

299. Plaintiff, John Jackson, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

300. As a direct and proximate consequence of the actions of the Defendants, as aforesaid, Plaintiff, John Jackson, suffered multiple injuries resulting in pain, suffering and pecuniary loss which includes medical, hospital

and physicians charges, was required to undergo extensive medical treatment, suffered a loss of earnings and a loss of future earnings, suffered permanent injury including partial loss of hearing, suffered severe mental and emotional distress and he has thereby suffered damages in the amount of $5,000,000.00, besides costs.

WHEREFORE, Plaintiff, John Jackson, demands judgment against the Defendants, Socialist People's Libyan Arab Jamahiriya (Libya) and the Jamahiriya Security Organization (JSO), jointly and severally, in the amount of FIVE MILLION DOLLARS ($5,000,000.00), plus costs.

### COUNT XXXIX

### Claim of Alan Lee for Personal Injury

### Assault and Intentional Infliction of Mental Distress

(Under state common and statutory law)

301.    Plaintiff, Alan Lee, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

302.    As a direct and proximate consequence of the actions of the Defendants, as aforesaid, Plaintiff, Alan Lee, suffered multiple injuries resulting in pain, suffering and pecuniary loss which includes medical, hospital and physicians charges, was required to undergo extensive medical treatment, suffered a loss of earnings and a loss of future earnings, suffered permanent injury including partial loss of hearing, suffered severe mental and emotional distress and he has thereby suffered damages in the amount of $5,000,000.00, besides costs.

119

WHEREFORE, Plaintiff, Alan Lee, demands judgment against the Defendants, Socialist People's Libyan Arab Jamahiriya (Libya) and the Jamahiriya Security Organization (JSO), jointly and severally, in the amount of FIVE MILLION DOLLARS ($5,000,000.00), plus costs.

## COUNT XL

### Claim of Ron Locke for Personal Injury

### Assault and Intentional Infliction of Mental Distress

(Under state common and statutory law)

303.    Plaintiff, Ron Locke, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

304.    As a direct and proximate consequence of the actions of the Defendants, as aforesaid, Plaintiff, Ron Locke, suffered multiple injuries resulting in pain, suffering and pecuniary loss which includes medical, hospital and physicians charges, was required to undergo extensive medical treatment, suffered a loss of earnings and a loss of future earnings, suffered permanent injury including partial loss of hearing, suffered severe mental and emotional distress and he has thereby suffered damages in the amount of $5,000,000.00, besides costs.

WHEREFORE, Plaintiff, Ron Locke, demands judgment against the Defendants, Socialist People's Libyan Arab Jamahiriya (Libya) and the Jamahiriya Security Organization (JSO), jointly and severally, in the amount of FIVE MILLION DOLLARS ($5,000,000.00), plus costs.

## COUNT XLI

### Claim of Earle Marshall for Personal Injury

### Assault and Intentional Infliction of Mental Distress

(Under state common and statutory law)

305.  Plaintiff, Earle Marshall, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

306.  As a direct and proximate consequence of the actions of the Defendants, as aforesaid, Plaintiff, Earle Marshall, suffered multiple injuries resulting in pain, suffering and pecuniary loss which includes medical, hospital and physicians charges, was required to undergo extensive medical treatment, suffered a loss of earnings and a loss of future earnings, suffered permanent injury including partial loss of hearing, suffered severe mental and emotional distress and he has thereby suffered damages in the amount of $5,000,000.00, besides costs.

WHEREFORE, Plaintiff, Earle Marshall, demands judgment against Defendants, Socialist People's Libyan Arab Jamahiriya (Libya) and the Jamahiriya Security Organization (JSO), jointly and severally, in the amount of FIVE MILLION DOLLARS ($5,000,000.00), plus costs.

## COUNT XLII

### Claim of Frank McDougald for Personal Injury

### Assault and Intentional Infliction of Mental Distress

(Under state common and statutory law)

121

307.  Plaintiff, Frank McDougald, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

308.  As a direct and proximate consequence of the actions of the Defendants, as aforesaid, Plaintiff, Frank McDougald, suffered multiple injuries resulting in pain, suffering and pecuniary loss which includes medical, hospital and physicians charges, was required to undergo extensive medical treatment, suffered a loss of earnings and a loss of future earnings, suffered permanent injury including partial loss of hearing, suffered severe mental and emotional distress and he has thereby suffered damages in the amount of $5,000,000.00, besides costs.

WHEREFORE, Plaintiff, Frank McDougald, demands judgment against the Defendants, Socialist People's Libyan Arab Jamahiriya (Libya) and the Jamahiriya Security Organization (JSO), jointly and severally, in the amount of FIVE MILLION DOLLARS ($5,000,000.00), plus costs.

### COUNT XLIII

#### Claim of Ulysses Mays for Personal Injury

#### Assault and Intentional Infliction of Mental Distress

(Under state common and statutory law)

309.  Plaintiff, Ulysses Mays, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

310.  As a direct and proximate consequence of the actions of the Defendants, as aforesaid, Plaintiff, Ulysses Mays, suffered multiple injuries resulting in pain, suffering and pecuniary loss which includes medical, hospital

and physicians charges, was required to undergo extensive medical treatment, suffered a loss of earnings and a loss of future earnings, suffered permanent injury including partial loss of hearing, suffered severe mental and emotional distress and he has thereby suffered damages in the amount of $5,000,000.00, besides costs.

WHEREFORE, Plaintiff, Ulysses Mays, demands judgment against the Defendants, Socialist People's Libyan Arab Jamahiriya (Libya) and the Jamahiriya Security Organization (JSO), jointly and severally, in the amount of FIVE MILLION DOLLARS ($5,000,000.00), plus costs.

### COUNT XLIV

### Claim of Larry Northington for Personal Injury

### Assault and Intentional Infliction of Mental Distress

(Under state common and statutory law)

311.    Plaintiff, Larry Northington, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

312.    As a direct and proximate consequence of the actions of the Defendants, as aforesaid, Plaintiff, Larry Northington, suffered multiple injuries resulting in pain, suffering and pecuniary loss which includes medical, hospital and physicians charges, was required to undergo extensive medical treatment, suffered a loss of earnings and a loss of future earnings, suffered permanent injury including partial loss of hearing, suffered severe mental and emotional distress and he has thereby suffered damages in the amount of $5,000,000.00, besides costs.

WHEREFORE, Plaintiff, Larry Northington, demands judgment against the Defendants, Socialist People's Libyan Arab Jamahiriya (Libya) and the Jamahiriya Security Organization (JSO), jointly and severally, in the amount of FIVE MILLION DOLLARS ($5,000,000.00), plus costs.

## COUNT XLV

### Claim of Michael O'Neal for Personal Injury

### Assault and Intentional Infliction of Mental Distress

(Under state common and statutory law)

313.    Plaintiff, Michael O'Neal, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

314.    As a direct and proximate consequence of the actions of the Defendants, as aforesaid, Plaintiff, Michael O'Neal, suffered multiple injuries resulting in pain, suffering and pecuniary loss which includes medical, hospital and physicians charges, was required to undergo extensive medical treatment, suffered a loss of earnings and a loss of future earnings, suffered permanent injury including partial loss of hearing, suffered severe mental and emotional distress and he has thereby suffered damages in the amount of $5,000,000.00, besides costs.

WHEREFORE, Plaintiff, Michael O'Neal, demands judgment against the Defendants, Socialist People's Libyan Arab Jamahiriya (Libya) and the Jamahiriya Security Organization (JSO), jointly and severally, in the amount of FIVE MILLION DOLLARS ($5,000,000.00), plus costs.

## COUNT XLVI

**Claim of Patrick Pettway for Personal Injury**

**Assault and Intentional Infliction of Mental Distress**

(Under state common and statutory law)

315.    Plaintiff, Patrick Pettway, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

316.    As a direct and proximate consequence of the actions of the Defendants, as aforesaid, Plaintiff, Patrick Pettway, suffered multiple injuries resulting in pain, suffering and pecuniary loss which includes medical, hospital and physicians charges, was required to undergo extensive medical treatment, suffered a loss of earnings and a loss of future earnings, suffered permanent injury including partial loss of hearing, suffered severe mental and emotional distress and he has thereby suffered damages in the amount of $5,000,000.00, besides costs.

WHEREFORE, Plaintiff, Patrick Pettway, demands judgment against the Defendants, Socialist People's Libyan Arab Jamahiriya (Libya) and the Jamahiriya Security Organization (JSO), jointly and severally, in the amount of FIVE MILLION DOLLARS ($5,000,000.00), plus costs.

## COUNT XLVII

**Claim of Marvin Ragin for Personal Injury**

**Assault and Intentional Infliction of Mental Distress**

(Under state common and statutory law)

317.  Plaintiff, Marvin Ragin, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

318.  As a direct and proximate consequence of the actions of the Defendants, as aforesaid, Plaintiff, Marvin Ragin, suffered multiple injuries resulting in pain, suffering and pecuniary loss which includes medical, hospital and physicians charges, was required to undergo extensive medical treatment, suffered a loss of earnings and a loss of future earnings, suffered permanent injury including partial loss of hearing, suffered severe mental and emotional distress and he has thereby suffered damages in the amount of $5,000,000.00, besides costs.

WHEREFORE, Plaintiff, Marvin Ragin, demands judgment against the Defendants, Socialist People's Libyan Arab Jamahiriya (Libya) and the Jamahiriya Security Organization (JSO), jointly and severally, in the amount of FIVE MILLION DOLLARS ($5,000,000.00), plus costs.

## COUNT XLVIII

### Claim of Ernest Rios for Personal Injury

### Assault and Intentional Infliction of Mental Distress

(Under state common and statutory law)

319.  Plaintiff, Ernest Rios, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

320.  As a direct and proximate consequence of the actions of the Defendants, as aforesaid, Plaintiff, Ernest Rios, suffered multiple injuries resulting in pain, suffering and pecuniary loss which includes medical, hospital

and physicians charges, was required to undergo extensive medical treatment, suffered a loss of earnings and a loss of future earnings, suffered permanent injury including partial loss of hearing, suffered severe mental and emotional distress and he has thereby suffered damages in the amount of $5,000,000.00, besides costs.

WHEREFORE, Plaintiff, Ernest Rios, demands judgment against the Defendants, Socialist People's Libyan Arab Jamahiriya (Libya) and the Jamahiriya Security Organization (JSO), jointly and severally, in the amount of FIVE MILLION DOLLARS ($5,000,000.00), plus costs.

### COUNT XLIX

**Claim of Larry Ruff for Personal Injury**

**Assault and Intentional Infliction of Mental Distress**

(Under state common and statutory law)

321. Plaintiff, Larry Ruff, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

322. As a direct and proximate consequence of the actions of the Defendants, as aforesaid, Plaintiff, Larry Ruff, suffered multiple injuries resulting in pain, suffering and pecuniary loss which includes medical, hospital and physicians charges, was required to undergo extensive medical treatment, suffered a loss of earnings and a loss of future earnings, suffered permanent injury including partial loss of hearing, suffered severe mental and emotional distress and he has thereby suffered damages in the amount of $5,000,000.00, besides costs.

WHEREFORE, Plaintiff, Larry Ruff, demands judgment against the Defendants, Socialist People's Libyan Arab Jamahiriya (Libya) and the Jamahiriya Security Organization (JSO), jointly and severally, in the amount of FIVE MILLION DOLLARS ($5,000,000.00), plus costs.

## COUNT L

### Claim of Charles Staples for Personal Injury

### Assault and Intentional Infliction of Mental Distress

(Under state common and statutory law)

323. Plaintiff, Charles Staples, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

324. As a direct and proximate consequence of the actions of the Defendants, as aforesaid, Plaintiff, Charles Staples, suffered multiple injuries resulting in pain, suffering and pecuniary loss which includes medical, hospital and physicians charges, was required to undergo extensive medical treatment, suffered a loss of earnings and a loss of future earnings, suffered permanent injury including partial loss of hearing, suffered severe mental and emotional distress and he has thereby suffered damages in the amount of $5,000,000.00, besides costs.

WHEREFORE, Plaintiff, Charles Staples, demands judgment against the Defendants, Socialist People's Libyan Arab Jamahiriya (Libya) and the Jamahiriya Security Organization (JSO), jointly and severally, in the amount of FIVE MILLION DOLLARS ($5,000,000.00), plus costs.

128

## COUNT LI

**Claim of Jeffery Sutton for Personal Injury**

**Assault and Intentional Infliction of Mental Distress**

(Under state common and statutory law)

325.    Plaintiff, Jeffery Sutton, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

326.    As a direct and proximate consequence of the actions of the Defendants, as aforesaid, Plaintiff, Jeffery Sutton, suffered multiple injuries resulting in pain, suffering and pecuniary loss which includes medical, hospital and physicians charges, was required to undergo extensive medical treatment, suffered a loss of earnings and a loss of future earnings, suffered permanent injury including partial loss of hearing, suffered severe mental and emotional distress and he has thereby suffered damages in the amount of $5,000,000.00, besides costs.

WHEREFORE, Plaintiff, Jeffery Sutton, demands judgment against the Defendants, Socialist People's Libyan Arab Jamahiriya (Libya) and the Jamahiriya Security Organization (JSO), jointly and severally, in the amount of FIVE MILLION DOLLARS ($5,000,000.00), plus costs.

## COUNT LII

**Claim of Ricky Tucker for Personal Injury**

**Assault and Intentional Infliction of Mental Distress**

(Under state common and statutory law)

129

327.  Plaintiff, Ricky Tucker, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

328.  As a direct and proximate consequence of the actions of the Defendants, as aforesaid, Plaintiff, Ricky Tucker, suffered multiple injuries resulting in pain, suffering and pecuniary loss which includes medical, hospital and physicians charges, was required to undergo extensive medical treatment, suffered a loss of earnings and a loss of future earnings, suffered permanent injury including partial loss of hearing, suffered severe mental and emotional distress and he has thereby suffered damages in the amount of $5,000,000.00, besides costs.

WHEREFORE, Plaintiff, Ricky Tucker, demands judgment against the Defendants, Socialist People's Libyan Arab Jamahiriya (Libya) and the Jamahiriya Security Organization (JSO), jointly and severally, in the amount of FIVE MILLION DOLLARS ($5,000,000.00), plus costs.

### COUNT LIII

**Claim of Curtis Williams for Personal Injury**

**Assault and Intentional Infliction of Mental Distress**

(Under state common and statutory law)

329.  Plaintiff, Curtis Williams, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

330.  As a direct and proximate consequence of the actions of the Defendants, as aforesaid, Plaintiff, Curtis Williams, suffered multiple injuries resulting in pain, suffering and pecuniary loss which includes medical, hospital

and physicians charges, was required to undergo extensive medical treatment, suffered a loss of earnings and a loss of future earnings, suffered permanent injury including partial loss of hearing, suffered severe mental and emotional distress and he has thereby suffered damages in the amount of $5,000,000.00, besides costs.

WHEREFORE, Plaintiff, Curtis Williams, demands judgment against the Defendants, Socialist People's Libyan Arab Jamahiriya (Libya) and the Jamahiriya Security Organization (JSO), jointly and severally, in the amount of FIVE MILLION DOLLARS ($5,000,000.00), plus costs.

### COUNT LIV

**Claim of Michael Williams for Personal Injury**

**Assault and Intentional Infliction of Mental Distress**

(Under state common and statutory law)

331.   Plaintiff, Michael Williams, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

332.   As a direct and proximate consequence of the actions of the Defendants, as aforesaid, Plaintiff, Michael Williams, suffered multiple injuries resulting in pain, suffering and pecuniary loss which includes medical, hospital and physicians charges, was required to undergo extensive medical treatment, suffered a loss of earnings and a loss of future earnings, suffered permanent injury including partial loss of hearing, suffered severe mental and emotional distress and he has thereby suffered damages in the amount of $5,000,000.00, besides costs.

WHEREFORE, Plaintiff, Michael Williams, demands judgment against the Defendants, Socialist People's Libyan Arab Jamahiriya (Libya) and the Jamahiriya Security Organization (JSO), jointly and severally, in the amount of FIVE MILLION DOLLARS ($5,000,000.00), plus costs.

## COUNT LV

### Claim of Cedric Woolfork for Personal Injury

### Assault and Intentional Infliction of Mental Distress

(Under state common and statutory law)

333.  Plaintiff, Cedric Woolfork, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

334.  As a direct and proximate consequence of the actions of the Defendants, as aforesaid, Plaintiff, Cedric Woolfork, suffered multiple injuries resulting in pain, suffering and pecuniary loss which includes medical, hospital and physicians charges, was required to undergo extensive medical treatment, suffered a loss of earnings and a loss of future earnings, suffered permanent injury including partial loss of hearing, suffered severe mental and emotional distress and he has thereby suffered damages in the amount of $5,000,000.00, besides costs.

WHEREFORE, Plaintiff, Cedric Woolfork, demands judgment against the Defendants, Socialist People's Libyan Arab Jamahiriya (Libya) and the Jamahiriya Security Organization (JSO), jointly and severally, in the amount of FIVE MILLION DOLLARS ($5,000,000.00), plus costs.

132

## COUNT LVI

### Claim of James Ziegler for Personal Injury

### Assault and Intentional Infliction of Mental Distress

(Under state common and statutory law)

335.   Plaintiff, James Ziegler, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

336.   As a direct and proximate consequence of the actions of the Defendants, as aforesaid, Plaintiff, James Ziegler, suffered multiple injuries resulting in pain, suffering and pecuniary loss which includes medical, hospital and physicians charges, was required to undergo extensive medical treatment, suffered a loss of earnings and a loss of future earnings, suffered permanent injury including partial loss of hearing, suffered severe mental and emotional distress and he has thereby suffered damages in the amount of $5,000,000.00, besides costs.

WHEREFORE, Plaintiff, James Ziegler, demands judgment against the Defendants, Socialist People's Libyan Arab Jamahiriya (Libya) and the Jamahiriya Security Organization (JSO), jointly and severally, in the amount of FIVE MILLION DOLLARS ($5,000,000.00), plus costs.

## COUNT LVII

### Claim Of Tessie L. Brown, Individually And As

### Personal Representative Of The Estate Of Edward Mac Goins

### For Solatium And Intentional Infliction Of Mental Distress

(Under state common and statutory law)

337.  Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

338.  The acts of the agents of Libya and JSO, in carrying out the attack as above set forth resulted in the death of James Goins. Such actions constituted extreme and outrageous conduct which was undertaken with the intent to inflict emotional distress upon members of the family of James Goins and by virtue of his death, his father, Edward Mac Goins, now deceased, and his aunt, Tessie L. Brown, have suffered severe emotional distress and are thereby entitled to solatium. The acts of the agents of Libya and the JSO were funded and directed by Libya and the JSO which are thereby vicariously liable as entities rendering material support to terrorist actions.

WHEREFORE, Plaintiff, Tessie L. Brown, individually and as Personal Representative of the Estate of Edward Mac Goins, demands judgment against the Defendants, Socialist People's Libyan Arab Jamahiriya (Libya) and Jamahiriya Security Organization (JSO), jointly and severally, on behalf of herself and on behalf of the Estate of Edward Mac Goins, each in the amount of TEN MILLION DOLLARS ($10,000,000.00), plus costs.

### COUNT LVIII

**Claim of Robert Lee Jones for Personal Injury**

**Assault and Intentional Infliction of Mental Distress**

(Under state common and statutory law)

339.    Plaintiff, Robert Lee Jones, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

340.    As a direct and proximate consequence of the actions of the Defendants, as aforesaid, Plaintiff, Robert Lee Jones, suffered multiple injuries resulting in pain, suffering and pecuniary loss which includes medical, hospital and physicians charges, was required to undergo extensive medical treatment, suffered a loss of earnings and a loss of future earnings, suffered permanent injury including partial loss of hearing, suffered severe mental and emotional distress and he has thereby suffered damages in the amount of $5,000,000.00, besides costs.

WHEREFORE, Plaintiff, Robert Lee Jones, demands judgment against the Defendants, Socialist People's Libyan Arab Jamahiriya (Libya) and the Jamahiriya Security Organization (JSO), jointly and severally, in the amount of FIVE MILLION DOLLARS ($5,000,000.00), plus costs.

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiffs pray that the Court grant Plaintiffs judgment in their favor and against all Defendants, jointly and severally, and grant:

A.    Plaintiffs Robert Lee Beecham and Alice Faye Ford, on behalf of the Estate of Kenneth Terence Ford, compensatory damages against Defendants, jointly and severally, in an amount in excess of $20,000,000; reasonable costs and expenses; reasonable attorneys' fees; and such other and further relief which the Court may determine to be just and equitable under the circumstances.

135

B.      Plaintiff Robert Lee Beecham, individually, compensatory damages against Defendants, jointly and severally, in an amount in excess of $10,000,000; reasonable costs and expenses; reasonable attorneys' fees; and such other and further relief which the Court may determine to be just and equitable under the circumstances.

C.      Plaintiff Alice Faye Ford, individually, compensatory damages against Defendants, jointly and severally, in an amount in excess of $10,000,000; reasonable costs and expenses; reasonable attorneys' fees; and such other and further relief which the Court may determine to be just and equitable under the circumstances.

D.      Plaintiff Revell Scott, individually, compensatory damages against Defendants, jointly and severally, in an amount in excess of $10,000,000; reasonable costs and expenses; reasonable attorneys' fees; and such other and further relief which the Court may determine to be just and equitable under the circumstances.

E.      Plaintiffs Robert Lee Beecham and Alice Faye Ford, on behalf of the Estate of Robin L. Beecham, compensatory damages against Defendants, jointly and severally, in an amount in excess of $10,000,000; reasonable costs and expenses; reasonable attorneys' fees; and such other and further relief which the Court may determine to be just and equitable under the circumstances.

F.      Plaintiff Patrocinia Goins, on behalf of the Estate of James E. Goins, compensatory damages against Defendants, jointly and severally, in an amount in excess of $20,000,000; reasonable costs and expenses; reasonable

attorneys' fees; and such other and further relief which the Court may determine to be just and equitable under the circumstances.

       G.      Plaintiff Patrocinia Goins, individually, compensatory damages against Defendants, jointly and severally, in an amount in excess of $10,000,000; reasonable costs and expenses; reasonable attorneys' fees; and such other and further relief which the Court may determine to be just and equitable under the circumstances.

       H.      Plaintiff Carlos Goins, individually, compensatory damages against Defendants, jointly and severally, in an amount in excess of $10,000,000; reasonable costs and expenses; reasonable attorneys' fees; and such other and further relief which the Court may determine to be just and equitable under the circumstances.

       I.      Plaintiff Troy Deon Euring compensatory damages against Defendants, jointly and severally, in an amount in excess of $10,000,000; reasonable costs and expenses; reasonable attorneys' fees; and such other and further relief which the Court may determine to be just and equitable under the circumstances.

       J.      Plaintiff Gerald Ford compensatory damages against Defendants, jointly and severally, in an amount in excess of $10,000,000; reasonable costs and expenses; reasonable attorneys' fees; and such other and further relief which the Court may determine to be just and equitable under the circumstances.

       K.      Plaintiff Richard George compensatory damages against Defendants, jointly and severally, in an amount in excess of $10,000,000;

reasonable costs and expenses; reasonable attorneys' fees; and such other and further relief which the Court may determine to be just and equitable under the circumstances.

L.     Plaintiff Alfred Jackson compensatory damages against Defendants, jointly and severally, in an amount in excess of $10,000,000; reasonable costs and expenses; reasonable attorneys' fees; and such other and further relief which the Court may determine to be just and equitable under the circumstances.

M.     Plaintiff David Jackson compensatory damages against Defendants, jointly and severally, in an amount in excess of $10,000,000; reasonable costs and expenses; reasonable attorneys' fees; and such other and further relief which the Court may determine to be just and equitable under the circumstances.

N.     Plaintiff Larry Jefferson compensatory damages against Defendants, jointly and severally, in an amount in excess of $10,000,000; reasonable costs and expenses; reasonable attorneys' fees; and such other and further relief which the Court may determine to be just and equitable under the circumstances.

O.     Plaintiff Dalton E. Porteous compensatory damages against Defendants, jointly and severally, in an amount in excess of $10,000,000; reasonable costs and expenses; reasonable attorneys' fees; and such other and further relief which the Court may determine to be just and equitable under the circumstances.

P.    Plaintiff Anthony Sailor compensatory damages against
Defendants, jointly and severally, in an amount in excess of $10,000,000;
reasonable costs and expenses; reasonable attorneys' fees; and such other and
further relief which the Court may determine to be just and equitable under the
circumstances.

Q.    Plaintiff Robert Lee Sims compensatory damages against
Defendants, jointly and severally, in an amount in excess of $10,000,000;
reasonable costs and expenses; reasonable attorneys' fees; and such other and
further relief which the Court may determine to be just and equitable under the
circumstances.

R.    Plaintiff Henry Carl Smith compensatory damages against
Defendants, jointly and severally, in an amount in excess of $10,000,000;
reasonable costs and expenses; reasonable attorneys' fees; and such other and
further relief which the Court may determine to be just and equitable under the
circumstances.

S.    Plaintiff Melvin Spencer compensatory damages against
Defendants, jointly and severally, in an amount in excess of $10,000,000;
reasonable costs and expenses; reasonable attorneys' fees; and such other and
further relief which the Court may determine to be just and equitable under the
circumstances.

T.    Plaintiff Romana Wells compensatory damages against
Defendants, jointly and severally, in an amount in excess of $10,000,000;
reasonable costs and expenses; reasonable attorneys' fees; and such other and

139

further relief which the Court may determine to be just and equitable under the circumstances.

U.    Plaintiff Tyrell White compensatory damages against Defendants, jointly and severally, in an amount in excess of $10,000,000; reasonable costs and expenses; reasonable attorneys' fees; and such other and further relief which the Court may determine to be just and equitable under the circumstances.

V.    Plaintiff Anthony Bernard Ballard compensatory damages against Defendants, jointly and severally, in an amount in excess of $10,000,000; reasonable costs and expenses; reasonable attorneys' fees; and such other and further relief which the Court may determine to be just and equitable under the circumstances.

W.    Plaintiff Donna Marie DaGraca compensatory damages against Defendants, jointly and severally, in an amount in excess of $10,000,000; reasonable costs and expenses; reasonable attorneys' fees; and such other and further relief which the Court may determine to be just and equitable under the circumstances.

X.    Plaintiff Christopher A. Gordon-Somers compensatory damages against Defendants, jointly and severally, in an amount in excess of $10,000,000; reasonable costs and expenses; reasonable attorneys' fees; and such other and further relief which the Court may determine to be just and equitable under the circumstances.

Y.    Plaintiff Wade McArthur Harris, Jr. compensatory damages against Defendants, jointly and severally, in an amount in excess of $10,000,000;

reasonable costs and expenses; reasonable attorneys' fees; and such other and further relief which the Court may determine to be just and equitable under the circumstances.

Z.    Plaintiff Ralph Hunter compensatory damages against Defendants, jointly and severally, in an amount in excess of $10,000,000; reasonable costs and expenses; reasonable attorneys' fees; and such other and further relief which the Court may determine to be just and equitable under the circumstances.

AA.    Plaintiff Alex L. Jackson compensatory damages against Defendants, jointly and severally, in an amount in excess of $10,000,000; reasonable costs and expenses; reasonable attorneys' fees; and such other and further relief which the Court may determine to be just and equitable under the circumstances.

BB.    Plaintiff Earl Thomas Marshall, Sr. compensatory damages against Defendants, jointly and severally, in an amount in excess of $10,000,000; reasonable costs and expenses; reasonable attorneys' fees; and such other and further relief which the Court may determine to be just and equitable under the circumstances.

CC.    Plaintiff Frank Wesley McGee, Jr. compensatory damages against Defendants, jointly and severally, in an amount in excess of $10,000,000; reasonable costs and expenses; reasonable attorneys' fees; and such other and further relief which the Court may determine to be just and equitable under the circumstances.

DD.  Plaintiff Clarence Rambo compensatory damages against Defendants, jointly and severally, in an amount in excess of $10,000,000; reasonable costs and expenses; reasonable attorneys' fees; and such other and further relief which the Court may determine to be just and equitable under the circumstances.

EE.  Plaintiff Forrest Ward compensatory damages against Defendants, jointly and severally, in an amount in excess of $10,000,000; reasonable costs and expenses; reasonable attorneys' fees; and such other and further relief which the Court may determine to be just and equitable under the circumstances.

FF.  Plaintiff Thomas Leon Woodland compensatory damages against Defendants, jointly and severally, in an amount in excess of $10,000,000; reasonable costs and expenses; reasonable attorneys' fees; and such other and further relief which the Court may determine to be just and equitable under the circumstances.

GG.  Plaintiff Jeffrey Wynes compensatory damages against Defendants, jointly and severally, in an amount in excess of $10,000,000; reasonable costs and expenses; reasonable attorneys' fees; and such other and further relief which the Court may determine to be just and equitable under the circumstances.

HH.  Plaintiff Carlos Marquez compensatory damages against Defendants, jointly and severally, in an amount in excess of $10,000,000; reasonable costs and expenses; reasonable attorneys' fees; and such other and

further relief which the Court may determine to be just and equitable under the circumstances.

II.    Plaintiff Andre W. Woodson compensatory damages against Defendants, jointly and severally, in an amount in excess of $10,000,000; reasonable costs and expenses; reasonable attorneys' fees; and such other and further relief which the Court may determine to be just and equitable under the circumstances.

JJ.    Plaintiff Ruthlyn Resha Baxter compensatory damages against Defendants, jointly and severally, in an amount in excess of $10,000,000; reasonable costs and expenses; reasonable attorneys' fees; and such other and further relief which the Court may determine to be just and equitable under the circumstances.

KK.    Plaintiff Brandon Borders compensatory damages against Defendants, jointly and severally, in an amount in excess of $10,000,000; reasonable costs and expenses; reasonable attorneys' fees; and such other and further relief which the Court may determine to be just and equitable under the circumstances.

LL.    Plaintiff Rickey Eugene Borders compensatory damages against Defendants, jointly and severally, in an amount in excess of $10,000,000; reasonable costs and expenses; reasonable attorneys' fees; and such other and further relief which the Court may determine to be just and equitable under the circumstances.

MM.    Plaintiff Lee Robert Brown, III compensatory damages against Defendants, jointly and severally, in an amount in excess of $10,000,000; reasonable costs and expenses; reasonable attorneys' fees; and such other and further relief which the Court may determine to be just and equitable under the circumstances.

NN.    Plaintiff Shawn Butler compensatory damages against Defendants, jointly and severally, in an amount in excess of $10,000,000; reasonable costs and expenses; reasonable attorneys' fees; and such other and further relief which the Court may determine to be just and equitable under the circumstances.

OO.    Plaintiff Darryl Allen Byers compensatory damages against Defendants, jointly and severally, in an amount in excess of $10,000,000; reasonable costs and expenses; reasonable attorneys' fees; and such other and further relief which the Court may determine to be just and equitable under the circumstances.

PP.    Plaintiff Jordan Edwards compensatory damages against Defendants, jointly and severally, in an amount in excess of $10,000,000; reasonable costs and expenses; reasonable attorneys' fees; and such other and further relief which the Court may determine to be just and equitable under the circumstances.

QQ.    Plaintiff James Earl Frazier compensatory damages against Defendants, jointly and severally, in an amount in excess of $10,000,000; reasonable costs and expenses; reasonable attorneys' fees; and such other and

further relief which the Court may determine to be just and equitable under the circumstances.

RR.   Plaintiff Michaela Haugabook compensatory damages against Defendants, jointly and severally, in an amount in excess of $10,000,000; reasonable costs and expenses; reasonable attorneys' fees; and such other and further relief which the Court may determine to be just and equitable under the circumstances.

SS.   Plaintiff Timothy Glen Henderson compensatory damages against Defendants, jointly and severally, in an amount in excess of $10,000,000; reasonable costs and expenses; reasonable attorneys' fees; and such other and further relief which the Court may determine to be just and equitable under the circumstances.

TT.   Plaintiff Charlie Chris Hill compensatory damages against Defendants, jointly and severally, in an amount in excess of $10,000,000; reasonable costs and expenses; reasonable attorneys' fees; and such other and further relief which the Court may determine to be just and equitable under the circumstances.

UU.   Plaintiff Roosevelt Johnson compensatory damages against Defendants, jointly and severally, in an amount in excess of $10,000,000; reasonable costs and expenses; reasonable attorneys' fees; and such other and further relief which the Court may determine to be just and equitable under the circumstances.

VV.    Plaintiff Robert Eugene Jones compensatory damages against Defendants, jointly and severally, in an amount in excess of $10,000,000; reasonable costs and expenses; reasonable attorneys' fees; and such other and further relief which the Court may determine to be just and equitable under the circumstances.

WW.   Plaintiff Ronald Jones compensatory damages against Defendants, jointly and severally, in an amount in excess of $10,000,000; reasonable costs and expenses; reasonable attorneys' fees; and such other and further relief which the Court may determine to be just and equitable under the circumstances.

XX.    Plaintiff Gary Lungrin compensatory damages against Defendants, jointly and severally, in an amount in excess of $10,000,000; reasonable costs and expenses; reasonable attorneys' fees; and such other and further relief which the Court may determine to be just and equitable under the circumstances.

YY.    Plaintiff Charles J. Maxwell compensatory damages against Defendants, jointly and severally, in an amount in excess of $10,000,000; reasonable costs and expenses; reasonable attorneys' fees; and such other and further relief which the Court may determine to be just and equitable under the circumstances.

ZZ.    Plaintiff James Winfield May compensatory damages against Defendants, jointly and severally, in an amount in excess of $10,000,000; reasonable costs and expenses; reasonable attorneys' fees; and such other and further relief which the Court may determine to be just and equitable under the circumstances.

AAA. Plaintiff Paul Andrew McCathron compensatory damages against Defendants, jointly and severally, in an amount in excess of $10,000,000; reasonable costs and expenses; reasonable attorneys' fees; and such other and further relief which the Court may determine to be just and equitable under the circumstances.

BBB. Plaintiff Andre McGhee compensatory damages against Defendants, jointly and severally, in an amount in excess of $10,000,000; reasonable costs and expenses; reasonable attorneys' fees; and such other and further relief which the Court may determine to be just and equitable under the circumstances.

CCC. Plaintiff Delionel B. Meadows compensatory damages against Defendants, jointly and severally, in an amount in excess of $10,000,000; reasonable costs and expenses; reasonable attorneys' fees; and such other and further relief which the Court may determine to be just and equitable under the circumstances.

DDD. Plaintiff Manuel Anthony Medina compensatory damages against Defendants, jointly and severally, in an amount in excess of $10,000,000; reasonable costs and expenses; reasonable attorneys' fees; and such other and further relief which the Court may determine to be just and equitable under the circumstances.

EEE. Plaintiff Bryan Mills compensatory damages against Defendants, jointly and severally, in an amount in excess of $10,000,000; reasonable costs

and expenses; reasonable attorneys' fees; and such other and further relief which the Court may determine to be just and equitable under the circumstances.

FFF. Plaintiff Lynn Arnett Morgan compensatory damages against Defendants, jointly and severally, in an amount in excess of $10,000,000; reasonable costs and expenses; reasonable attorneys' fees; and such other and further relief which the Court may determine to be just and equitable under the circumstances.

GGG. Plaintiff Wayne P. Neeley compensatory damages against Defendants, jointly and severally, in an amount in excess of $10,000,000; reasonable costs and expenses; reasonable attorneys' fees; and such other and further relief which the Court may determine to be just and equitable under the circumstances.

HHH. Plaintiff Miguel H. Spruill compensatory damages against Defendants, jointly and severally, in an amount in excess of $10,000,000; reasonable costs and expenses; reasonable attorneys' fees; and such other and further relief which the Court may determine to be just and equitable under the circumstances.

III. Plaintiff Ronald Tate compensatory damages against Defendants, jointly and severally, in an amount in excess of $10,000,000; reasonable costs and expenses; reasonable attorneys' fees; and such other and further relief which the Court may determine to be just and equitable under the circumstances.

JJJ. Plaintiff Alvin Levert Wallace compensatory damages against Defendants, jointly and severally, in an amount in excess of $10,000,000;

reasonable costs and expenses; reasonable attorneys' fees; and such other and further relief which the Court may determine to be just and equitable under the circumstances.

KKK. Plaintiff Robert Weldon compensatory damages against Defendants, jointly and severally, in an amount in excess of $10,000,000; reasonable costs and expenses; reasonable attorneys' fees; and such other and further relief which the Court may determine to be just and equitable under the circumstances.

LLL. Plaintiff Lloyd Elliot Wells compensatory damages against Defendants, jointly and severally, in an amount in excess of $10,000,000; reasonable costs and expenses; reasonable attorneys' fees; and such other and further relief which the Court may determine to be just and equitable under the circumstances.

MMM. Plaintiff Earnest Eugene Wilson compensatory damages against Defendants, jointly and severally, in an amount in excess of $10,000,000; reasonable costs and expenses; reasonable attorneys' fees; and such other and further relief which the Court may determine to be just and equitable under the circumstances.

NNN. Plaintiff Marshaun A. R. Winston compensatory damages against Defendants, jointly and severally, in an amount in excess of $10,000,000; reasonable costs and expenses; reasonable attorneys' fees; and such other and further relief which the Court may determine to be just and equitable under the circumstances.

Respectfully submitted,


/s/ Robert L. Bredhoff
Jacob A. Stein, # 052233
Robert L. Bredhoff # 338103
STEIN, MITCHELL & MEZINES
1100 Connecticut Avenue, N.W.
Washington, D.C.  20036
(202) 737-7777


/s/ Mario V. Mirabelli
Mario V. Mirabelli
PATTON BOGGS, LLP
2550 M Street, N.W.
Washington, D.C.   20037
(202) 457-5250

Andreas Schulz
Schulz & Hodok
Kurfurstendamm 56
10707 Berlin, Germany
Foreign Counsel for Plaintiffs


/s/ Thomas Fortune Fay
Thomas Fortune Fay (D.C.Bar#23929)
601 Pennsylvania Avenue, NW #900
South Building
Washington, DC 20004
202.638.4534


/s/ Steven R. Perles
Steven R. Perles(D.C.Bar#326975)
1146 19ᵗʰ Street, NW
Suite 500 Washington, DC
20036 202.955.9055

Counsel for Plaintiffs


150

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of July, 2007, the foregoing

Consolidated Fourth Amended Complaint was electronically filed with the United

States District Court for the District of Columbia.

_/s/ Robert L. Bredhoff_
Robert L. Bredhoff

841

1       (2) such other findings, conclusions, and rec-

2   ommendations for improving the capabilities of the

3   Department for homeland defense as the advisory

4   panel considers appropriate.

5  **SEC. 1063. TERRORISM EXCEPTION TO IMMUNITY.**

6   (a) TERRORISM EXCEPTION TO IMMUNITY.—

7       (1) IN GENERAL.—Chapter 97 of title 28,

8   United States Code, is amended by inserting after

9   section 1605 the following:

10  **"§ 1605A. Terrorism exception to the jurisdictional**

11  **immunity of a foreign state**

12   "(a) IN GENERAL.—

13       "(1) NO IMMUNITY.—A foreign state shall not

14   be immune from the jurisdiction of courts of the

15   United States or of the States in any case not other-

16   wise covered by this chapter in which money dam-

17   ages are sought against a foreign state for personal

18   injury or death that was caused by an act of torture,

19   extrajudicial killing, aircraft sabotage, hostage tak-

20   ing, or the provision of material support or resources

21   for such an act if such act or provision of material

22   support or resources is engaged in by an official,

23   employee, or agent of such foreign state while acting

24   within the scope of his or her office, employment, or

25   agency.

H.L.C.

842

1         "(2) CLAIM HEARD.—The court shall hear a

2 claim under this section if—

3         "(A)(i)(I) the foreign state was designated

4     as a state sponsor of terrorism at the time the

5     act described in paragraph (1) occurred, or was

6     so designated as a result of such act, and, sub-

7     ject to subclause (II), either remains so des-

8     ignated when the claim is filed under this sec-

9     tion or was so designated within the 6-month

10    period before the claim is filed under this sec-

11    tion; or

12         "(II) in the case of an action that is refiled

13    under this section by reason of section

14    1083(c)(2)(A) of the National Defense Author-

15    ization Act for Fiscal Year 2008 or is filed

16    under this section by reason of section

17    1083(c)(3) of that Act, the foreign state was

18    designated as a state sponsor of terrorism when

19    the original action or the related action under

20    section 1605(a)(7) (as in effect before the en-

21    actment of this section) or section 589 of the

22    Foreign Operations, Export Financing, and Re-

23    lated Programs Appropriations Act, 1997 (as

24    contained in section 101(c) of division A of

25    Public Law 104–208) was filed;

843

1          "(ii) the claimant or the victim was, at the

2      time  the  act  described  in  paragraph  (1)

3      occurred—

4              "(I) a national of the United States;

5              "(II) a member of the armed forces;

6          or

7              "(III) otherwise an employee of the

8          Government of the United States, or of an

9          individual performing a contract awarded

10         by the United States Government, acting

11         within the scope of the employee's employ-

12         ment; and

13         "(iii) in a case in which the act occurred

14     in the foreign state against which the claim has

15     been brought, the claimant has afforded the

16     foreign state a reasonable opportunity to arbi-

17     trate the claim in accordance with the accepted

18     international rules of arbitration; or

19         "(B) the act described in paragraph (1) is

20     related to Case Number 1:00CV03110 (EGS)

21     in the United States District Court for the Dis-

22     trict of Columbia.

23     "(b) LIMITATIONS.—An action may be brought or

24 maintained under this section if the action is commenced,

25 or  a  related  action  was  commenced  under  section

F:\GMK\ASCR08\REINTRO.002

H.L.C.

844

1  1605(a)(7) (before the date of the enactment of this sec-

2  tion) or section 589 of the Foreign Operations, Export Fi-

3  nancing, and Related Programs Appropriations Act, 1997

4  (as contained in section 101(c) of division A of Public Law

5  104–208) not later than the latter of—

6          "(1) 10 years after April 24, 1996; or

7          "(2) 10 years after the date on which the cause

8      of action arose.

9      "(c) PRIVATE RIGHT OF ACTION.—A foreign state

10  that is or was a state sponsor of terrorism as described

11  in subsection (a)(2)(A)(i), and any official, employee, or

12  agent of that foreign state while acting within the scope

13  of his or her office, employment, or agency, shall be liable

14  to—

15          "(1) a national of the United States,

16          "(2) a member of the armed forces,

17          "(3) an employee of the Government of the

18      United States, or of an individual performing a con-

19      tract awarded by the United States Government,

20      acting within the scope of the employee's employ-

21      ment, or

22          "(4) the legal representative of a person de-

23      scribed in paragraph (1), (2), or (3),

24  for personal injury or death caused by acts described in

25  subsection (a)(1) of that foreign state, or of an official,

H.L.C.

845

1 employee, or agent of that foreign state, for which the

2 courts of the United States may maintain jurisdiction

3 under this section for money damages. In any such action,

4 damages may include economic damages, solatium, pain

5 and suffering, and punitive damages. In any such action,

6 a foreign state shall be vicariously liable for the acts of

7 its officials, employees, or agents.

8     "(d) ADDITIONAL DAMAGES.—After an action has

9 been brought under subsection (c), actions may also be

10 brought for reasonably foreseeable property loss, whether

11 insured or uninsured, third party liability, and loss claims

12 under life and property insurance policies, by reason of

13 the same acts on which the action under subsection (c)

14 is based.

15     "(e) SPECIAL MASTERS.—

16         "(1) IN GENERAL.—The courts of the United

17     States may appoint special masters to hear damage

18     claims brought under this section.

19         "(2) TRANSFER OF FUNDS.—The Attorney

20     General shall transfer, from funds available for the

21     program under section 1404C of the Victims of

22     Crime Act of 1984 (42 U.S.C. 10603c), to the Ad-

23     ministrator of the United States district court in

24     which any case is pending which has been brought

25     or maintained under this section such funds as may

846

1        be required to cover the costs of special masters ap-

2        pointed under paragraph (1). Any amount paid in

3        compensation to any such special master shall con-

4        stitute an item of court costs.

5        "(f) APPEAL.—In an action brought under this sec-

6   tion, appeals from orders not conclusively ending the liti-

7   gation may only be taken pursuant to section 1292(b) of

8   this title.

9        "(g) PROPERTY DISPOSITION.—

10            "(1) IN GENERAL.—In every action filed in a

11        United States district court in which jurisdiction is

12        alleged under this section, the filing of a notice of

13        pending action pursuant to this section, to which is

14        attached a copy of the complaint filed in the action,

15        shall have the effect of establishing a lien of lis

16        pendens upon any real property or tangible personal

17        property that is—

18                "(A) subject to attachment in aid of execu-

19            tion, or execution, under section 1610;

20                "(B) located within that judicial district;

21            and

22                "(C) titled in the name of any defendant,

23            or titled in the name of any entity controlled by

24            any defendant if such notice contains a state-

25            ment listing such controlled entity.



847

1      "(2) NOTICE.—A notice of pending action pur-

2 suant to this section shall be filed by the clerk of the

3 district court in the same manner as any pending

4 action and shall be indexed by listing as defendants

5 all named defendants and all entities listed as con-

6 trolled by any defendant.

7      "(3) ENFORCEABILITY.—Liens established by

8 reason of this subsection shall be enforceable as pro-

9 vided in chapter 111 of this title.

10     "(h) DEFINITIONS.—For purposes of this section—

11      "(1) the term 'aircraft sabotage' has the mean-

12 ing given that term in Article 1 of the Convention

13 for the Suppression of Unlawful Acts Against the

14 Safety of Civil Aviation;

15      "(2) the term 'hostage taking' has the meaning

16 given that term in Article 1 of the International

17 Convention Against the Taking of Hostages;

18      "(3) the term 'material support or resources'

19 has the meaning given that term in section 2339A

20 of title 18;

21      "(4) the term 'armed forces' has the meaning

22 given that term in section 101 of title 10;

23      "(5) the term 'national of the United States'

24 has the meaning given that term in section

F:\GMK\ASCR08\REINTRO.002

H.L.C.

848

1    101(a)(22) of the Immigration and Nationality Act

2    (8 U.S.C. 1101(a)(22));

3       "(6) the term 'state sponsor of terrorism'

4    means a country the government of which the Sec-

5    retary of State has determined, for purposes of sec-

6    tion 6(j) of the Export Administration Act of 1979

7    (50 U.S.C. App. 2405(j)), section 620A of the For-

8    eign Assistance Act of 1961 (22 U.S.C. 2371), sec-

9    tion 40 of the Arms Export Control Act (22 U.S.C.

10    2780), or any other provision of law, is a govern-

11    ment that has repeatedly provided support for acts

12    of international terrorism; and

13       "(7) the terms 'torture' and 'extrajudicial kill-

14    ing' have the meaning given those terms in section

15    3 of the Torture Victim Protection Act of 1991 (28

16    U.S.C. 1350 note).".

17       (2) AMENDMENT TO CHAPTER ANALYSIS.—The

18    table of sections at the beginning of chapter 97 of

19    title 28, United States Code, is amended by insert-

20    ing after the item relating to section 1605 the fol-

21    lowing:

"1605A. Terrorism exception to the jurisdictional immunity of a foreign state.".



22    (b) CONFORMING AMENDMENTS.—

23       (1) GENERAL EXCEPTION.—Section 1605 of

24    title 28, United States Code, is amended—

25       (A) in subsection (a)—

849

1      (i) in paragraph (5)(B), by inserting

2      "or" after the semicolon;

3      (ii) in paragraph (6)(D), by striking

4      "; or" and inserting a period; and

5      (iii) by striking paragraph (7);

6      (B) by repealing subsections (e) and (f);

7      and

8      (C) in subsection (g)(1)(A), by striking

9      "but for subsection (a)(7)" and inserting "but

10     for section 1605A".

11     (2) COUNTERCLAIMS.—Section 1607(a) of title

12     28, United States Code, is amended by inserting "or

13     1605A" after "1605".

14     (3) PROPERTY.—Section 1610 of title 28,

15     United States Code, is amended—

16     (A) in subsection (a)(7), by striking

17     "1605(a)(7)" and inserting "1605A";

18     (B) in subsection (b)(2), by striking "(5),

19     or (7), or 1605(b)" and inserting "or (5),

20     1605(b), or 1605A";

21     (C) in subsection (f), in paragraphs (1)(A)

22     and (2)(A), by inserting "(as in effect before

23     the enactment of section 1605A) or section

24     1605A" after "1605(a)(7)"; and

25     (D) by adding at the end the following:



H.L.C.

850

1    "(g) PROPERTY IN CERTAIN ACTIONS.—

2         "(1) IN GENERAL.—Subject to paragraph (3),

3    the property of a foreign state against which a judg-

4    ment is entered under section 1605A, and the prop-

5    erty of an agency or instrumentality of such a state,

6    including property that is a separate juridical entity

7    or is an interest held directly or indirectly in a sepa-

8    rate juridical entity, is subject to attachment in aid

9    of execution, and execution, upon that judgment as

10   provided in this section, regardless of—

11        "(A) the level of economic control over the

12   property by the government of the foreign state;

13        "(B) whether the profits of the property go

14   to that government;

15        "(C) the degree to which officials of that

16   government manage the property or otherwise

17   control its daily affairs;

18        "(D) whether that government is the sole

19   beneficiary in interest of the property; or

20        "(E) whether establishing the property as

21   a separate entity would entitle the foreign state

22   to benefits in United States courts while avoid-

23   ing its obligations.

24        "(2) UNITED STATES SOVEREIGN IMMUNITY IN-

25   APPLICABLE.—Any property of a foreign state, or



851

1    agency or instrumentality of a foreign state, to

2    which paragraph (1) applies shall not be immune

3    from attachment in aid of execution, or execution,

4    upon a judgment entered under section 1605A be-

5    cause the property is regulated by the United States

6    Government by reason of action taken against that

7    foreign state under the Trading With the Enemy

8    Act or the International Emergency Economic Pow-

9    ers Act.

10    "(3) THIRD-PARTY JOINT PROPERTY HOLD-

11    ERS.—Nothing in this subsection shall be construed

12    to supersede the authority of a court to prevent ap-

13    propriately the impairment of an interest held by a

14    person who is not liable in the action giving rise to

15    a judgment in property subject to attachment in aid

16    of execution, or execution, upon such judgment.".

17    (4) VICTIMS OF CRIME ACT.—Section

18    1404C(a)(3) of the Victims of Crime Act of 1984

19    (42 U.S.C. 10603c(a)(3)) is amended by striking

20    "December 21, 1988 with respect to which an inves-

21    tigation or" and inserting "October 23, 1983, with

22    respect to which an investigation or civil or crimi-

23    nal".

24    (c) APPLICATION TO PENDING CASES.—

F:\GMK\ASCR08\REINTRO.002                                    H.L.C.

852

(1) IN GENERAL.—The amendments made by this section shall apply to any claim arising under section 1605A of title 28, United States Code.

(2) PRIOR ACTIONS.—

(A) IN GENERAL.—With respect to any action that—

(i) was brought under section 1605(a)(7) of title 28, United States Code, or section 589 of the Foreign Operations, Export Financing, and Related Programs Appropriations Act, 1997 (as contained in section 101(c) of division A of Public Law 104–208), before the date of the enactment of this Act,

(ii) relied upon either such provision as creating a cause of action,

(iii) has been adversely affected on the grounds that either or both of these provisions fail to create a cause of action against the state, and

(iv) as of such date of enactment, is before the courts in any form, including on appeal or motion under rule 60(b) of the Federal Rules of Civil Procedure,



H.L.C.

853

1    that action, and any judgment in the action

2    shall, on motion made by plaintiffs to the

3    United States district court where the action

4    was initially brought, or judgment in the action

5    was initially entered, be given effect as if the

6    action had originally been filed under section

7    1605A(c) of title 28, United States Code.

8        (B) DEFENSES WAIVED.—The defenses of

9    res judicata, collateral estoppel, and limitation

10    period are waived—

11            (i) in any action with respect to which

12        a motion is made under subparagraph (A),

13        or

14            (ii) in any action that was originally

15        brought, before the date of the enactment

16        of this Act, under section 1605(a)(7) of

17        title 28, United States Code, or section

18        589 of the Foreign Operations, Export Fi-

19        nancing, and Related Programs Appropria-

20        tions Act, 1997 (as contained in section

21        101(c) of division A of Public Law 104–

22        208), and is refiled under section 1605A(c)

23        of title 28, United States Code,

24    to the extent such defenses are based on the

25    claim in the action.



H.L.C.

854

1        (C) TIME LIMITATIONS.—A motion may be

2      made or an action may be refiled under sub-

3      paragraph (A) only—

4          (i) if the original action was com-

5         menced not later than the latter of—

6            (I) 10 years after April 24, 1996;

7           or

8            (II) 10 years after the cause of

9           action arose; and

10         (ii) within the 60-day period begin-

11        ning on the date of the enactment of this

12        Act.

13      (3) RELATED ACTIONS.—If an action arising

14   out of an act or incident has been timely commenced

15   under section 1605(a)(7) of title 28, United States

16   Code, or section 589 of the Foreign Operations, Ex-

17   port Financing, and Related Programs Appropria-

18   tions Act, 1997 (as contained in section 101(c) of

19   division A of Public Law 104–208), any other action

20   arising out of the same act or incident may be

21   brought under section 1605A of title 28, United

22   States Code, if the action is commenced not later

23   than the latter of 60 days after—

24      (A) the date of the entry of judgment in

25     the original action; or

855

1          (B) the date of the enactment of this Act.

2          (4) PRESERVING THE JURISDICTION OF THE

3     COURTS.—Nothing in section 1503 of the Emer-

4     gency Wartime Supplemental Appropriations Act,

5     2003 (Public Law 108–11, 117 Stat. 579) has ever

6     authorized, directly or indirectly, the making inappli-

7     cable of any provision of chapter 97 of title 28,

8     United States Code, or the removal of the jurisdic-

9     tion of any court of the United States.

10     (d) APPLICABILITY TO IRAQ.—

11          (1) APPLICABILITY.—The President may waive

12     any provision of this section with respect to Iraq, in-

13     sofar as that provision may, in the President's deter-

14     mination, affect Iraq or any agency or instrumen-

15     tality thereof, if the President determines that—

16               (A) the waiver is in the national security

17          interest of the United States;

18               (B) the waiver will promote the reconstruc-

19          tion of, the consolidation of democracy in, and

20          the relations of the United States with, Iraq;

21          and

22               (C) Iraq continues to be a reliable ally of

23          the United States and partner in combating

24          acts of international terrorism.



F:\GMK\ASCR08\REINTRO.002

H.L.C.

856

1    (2) TEMPORAL SCOPE.—The authority under

2   paragraph (1) shall apply—

3     (A) with respect to any conduct or event

4     occurring before or on the date of the enact-

5     ment of this Act;

6     (B) with respect to any conduct or event

7     occurring before or on the date of the exercise

8     of that authority; and

9     (C) regardless of whether, or the extent to

10     which, the exercise of that authority affects any

11     action filed before, on, or after the date of the

12     exercise of that authority or of the enactment

13     of this Act.

14    (3) NOTIFICATION TO CONGRESS.—A waiver by

15   the President under paragraph (1) shall cease to be

16   effective 30 days after it is made unless the Presi-

17   dent has notified Congress in writing of the basis for

18   the waiver as determined by the President under

19   paragraph (1).

20    (4) SENSE OF CONGRESS.—It is the sense of

21   the Congress that the President, acting through the

22   Secretary of State, should work with the Govern-

23   ment of Iraq on a state-to-state basis to ensure com-

24   pensation for any meritorious claims based on ter-

25   rorist acts committed by the Saddam Hussein re-



F:\GMK\ASCR08\REINTRO.002

H.L.C.

857

1    gime against individuals who were United States na-

2    tionals or members of the United States Armed

3    Forces at the time of those terrorist acts and whose

4    claims cannot be addressed in courts in the United

5    States due to the exercise of the waiver authority

6    under paragraph (1).

7    (e) SEVERABILITY.—If any provision of this section

8    or the amendments made by this section, or the applica-

9    tion of such provision to any person or circumstance, is

10    held invalid, the remainder of this section and such

11    amendments, and the application of such provision to

12    other persons not similarly situated or to other cir-

13    cumstances, shall not be affected by such invalidation.

# TITLE XI—CIVILIAN PERSONNEL MATTERS

Sec. 1101. Extension of authority to waive annual limitation on total compensa-
       tion paid to Federal civilian employees working overseas under
       areas of United States Central Command.
Sec. 1102. Continuation of life insurance coverage for Federal employees called
       to active duty.
Sec. 1103. Transportation of dependents, household effects, and personal prop-
       erty to former home following death of Federal employee where
       death resulted from disease or injury incurred in the Central
       Command area of responsibility.
Sec. 1104. Special benefits for civilian employees assigned on deployment tem-
       porary change of station.
Sec. 1105. Death gratuity authorized for Federal employees.
Sec. 1106. Modifications to the National Security Personnel System.
Sec. 1107. Requirement for full implementation of personnel demonstration
       project.
Sec. 1108. Authority for inclusion of certain Office of Defense Research and
       Engineering positions in experimental personnel program for
       scientific and technical personnel.
Sec. 1109. Pilot program for the temporary assignment of information tech-
       nology personnel to private sector organizations.
Sec. 1110. Compensation for Federal wage system employees for certain travel
       hours.

